**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

EDWARD F. MARTIN, *on behalf of himself and those similarly situated,*
51 Shadywood Road
Levittown PA 19056

Plaintiff,

v.

PHH MORTGAGE CORPORATION
1 Mortgage Way
Mount Laurel, NJ 08054

and

JOHN DOES 1-10

Defendants.

INDIVIDUAL AND COLLECTIVE ACTION AND CLASS ACTION FOR UNPAID OVERTIME UNDER FLSA, NJWPL AND NWHA, AND PWHA

No.

**JURY TRIAL DEMANDED**

**INDIVIDUAL AND COLLECTIVE AND CLASS ACTION CIVIL COMPLAINT**

Edward Martin ("Named Plaintiff"), individually, and on behalf of himself and those similarly situated (hereinafter referred to as "Collective Plaintiffs"), hereby complains as follows against Defendant PHH Mortgage Corporation and John Does 1-10 (hereinafter collectively referred to as "Defendants").

**INTRODUCTION**

1. Named Plaintiff has initiated the instant action to redress violations by Defendant of the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law ("NJWHL"), or, in the alternative, the Pennsylvania Minimum Wage Act ("PMWA"). Named Plaintiff asserts that Defendants failed to pay Named Plaintiff and Collective Plaintiffs proper overtime compensation in violation of said laws. Defendants failed to pay overtime on commission to Named Plaintiff and

other similarly situated individual. As a result of the aforesaid unlawful actions, Named Plaintiff and Collective Plaintiffs have suffered harm.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff is an adult individual with an address as set forth above.

8. Defendant PHH Mortgage Corporation is an entity with an address as set forth above.

9. Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the

policies and practices of Defendants which resulted in Defendants' failing to pay Named Plaintiff and Collective Plaintiffs proper compensation pursuant to federal and state law.

10. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiff and Collective Plaintiffs.

11. At all times relevant herein, Defendants acted by and though their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

12. The foregoing paragraphs are incorporated herein as if set forth in full.

13. Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendants as a loan processor, loan officer, or in positions with similar duties subject to Defendants' unlawful pay practices and policies described herein and who worked for Defendants at any point in the three years preceding the date the instant action was initiated (the members of this putative class are referred to as "Collective Plaintiffs").

14. Named Plaintiff and Collective Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as described herein.

15. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

16. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

17. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

18. The foregoing paragraphs are incorporated herein as if set forth in full.

19. Named Plaintiff brings his claims asserting violations of the New Jersey Wage and Hour Law ("NJWHL") as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and on behalf of all persons presently and formerly employed by Defendants in New Jersey as Direct Lending Loan Officers and/or in similar positions with similar non-exempt duties, and who were subject to Defendants' unlawful pay practices and policies described herein at any point in the six years preceding the date the instant action was initiated ("New Jersey Class Plaintiffs").

20. Named Plaintiff also brings his claims asserting violations of the Pennsylvania Minimum Wage Act ("PMWA") as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and on behalf of all persons presently and formerly employed by Defendants in Pennsylvania as Direct Lending Loan Officers and/or in similar positions with similar non-exempt duties, and who were subject to Defendants' unlawful pay practices and policies described herein ay any point in the six years preceding the date the instant action was initiated ("Pennsylvania Class Plaintiffs").

21. Both sub-classes together make up a single class of Class Plaintiffs pursuant to Rule 23 of the Federal Rules of Civil Procedure.

22. The Class and Sub-Classes are so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated to be at least forty (40) employees.

23. Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all Class Plaintiffs, was subject to the same unlawful wage policies and practices of Defendants.

24. Named Plaintiff's claims are typical of the claims of the putative New Jersey class members because Named Plaintiff, like New Jersey class members, physically worked in New Jersey subject to the same unlawful wage policies and practices from December 2019 until on or around March 2020, and then remotely worked in Pennsylvania and reported to a New Jersey office from March 2020 through July 2022.

25. Named Plaintiff's claims are typical of the claims of the putative Pennsylvania class members because Named Plaintiff, like Pennsylvania class members, physically worked in Pennsylvania for Defendant from on or around March 2020 through July 2022.

26. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

27. Defendants have acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendants have applied consistent unlawful wage policies to the entire class and have refused to end these policies.

28. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

29. A class action provides a fair and efficient method for adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

30. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are (1) whether Defendants failed to pay proper overtime to Named Plaintiff and Class Plaintiffs for hours worked in excess of 40 per workweek; and (2) whether Defendants had any good faith basis to conclude that their failure to pay Class Plaintiffs at least 1.5 times their regular rate for hours over 40 was legal.

31. The factual averments that follow which refer to the experiences of Collective Plaintiffs also refer to the experiences of Class Plaintiffs, as prior to collective action or class certification, these two groups are identical.

## FACTUAL BACKGROUND

32. The foregoing paragraphs are incorporated herein as if set forth in full.

33. Named Plaintiff and Collective Plaintiffs worked for Defendants as Direct Lending Loan Officers in Defendant's PHH Direct Lending Sales business unit.

34. Named Plaintiff worked for Defendants from December 2019 until July 2022.

35. Named Plaintiff worked out of Defendants' Mount Laurel, NJ office, until the March 2020 COVID-19-related shutdown orders in New Jersey, after which point he worked remotely from his home but reported to and was supervised from Defendants' Mount Laurel, NJ office.

36. Named Plaintiff's and Collective Plaintiffs' duties predominantly include: originating loans, completing preliminary applications, collecting documents, preparing loan application, and transmitting the information to processing.

37. Named Plaintiff and Collective Plaintiffs were paid via an hourly wage and through a non-discretionary incentive program, where they would receive incentive payments based on the loans they were able to secure for Defendants.

38. The incentive program paid Named Plaintiff and Collective Plaintiffs a monthly commission based on loan submission volume and funded loan volume if the monthly minimum production is achieved. Additional incentive could be earned based on survey responses.

39. The incentive program also paid Named Plaintiff and Collective Plaintiffs a non-discretionary quarterly bonus provided certain contingencies were met, such as not being on a PIP.

40. Named Plaintiff regularly worked over 40 hours per week.

41. Specifically, Named Plaintiff worked more than 20 hours of overtime in 2022, more than 97 hours of overtime in 2021, and more than 138 hours of overtime in 2020.

42. Collective Plaintiffs regularly worked/work over 40 hours per week.

43. Defendants designated Named Plaintiff as a non-exempt employee under FLSA required to be paid overtime.

44. Named Plaintiff received overtime payments of one and a half times his base hourly rate of $20.19, but did not receive any overtime payments on his commissions.

45. Defendants designated Collective Plaintiffs as non-exempt employees under FLSA and required to be paid overtime.

46. Collective Plaintiffs received overtime payments of one and one half times their base hourly rates, but did not receive any overtime payments on their commissions.

47. Defendants' overtime compensation system violates FLSA by failing to pay Named Plaintiff and Collective Plaintiffs any overtime payments for the money they earn as a commission.

48. Defendants have maintained an unlawful wage payment system for at least the last three years and have enforced such unlawful policies.

**UNLAWFUL FAILURE TO PAY OVERTIME COMPENSATION**

49. The foregoing paragraphs are incorporated herein as if set forth in full.

50. Defendants compensated Named Plaintiff and Collective Plaintiffs by paying them (a) an hourly wage for all hours worked; (b) an hourly overtime wage for all hours worked in excess of 40 hours per workweek; and (c) a monthly incentive commission payment, based on the value and number of loans closed; and (d) additional non-discretionary bonuses.

51. Defendants calculated the hourly overtime wage rate by multiplying the base hourly wage by one-and-one-half.

52. Defendants did not include any bonuses or incentive commission payments in its calculation of Named Plaintiff's or Collective Plaintiffs' regular rate for purposes of calculating overtime or in its calculation of the overtime wage rate.

53. During several workweeks in the three-year period preceding the filing of this lawsuit, Named Plaintiff worked in excess of forty (40) hours for Defendants in a workweek, including, by way of example, during at least one of the weeks in the two-week period of July 3, 2022 to July 16, 2022.

54. During at least one workweek in the three-year period preceding the filing of this lawsuit, Collective Plaintiffs worked in excess of forty (40) hours for Defendants in a single workweek, and were paid hourly wages by Defendants for work in excess of forty (40) hours in a single workweek.

55. Because Defendants did not pay overtime on commissions, Defendants failed to pay Named Plaintiff all the overtime that was owed to him under FLSA and the NJWHL.

56. Because Defendants did not pay overtime on commissions, Defendants failed to pay Collective Plaintiffs all the overtime they were owed under FLSA and the NJWHL.

57. Defendants regularly required Named Plaintiff and Collective Plaintiffs to participate in originating loans, completing preliminary applications, collecting documents, preparing loan application, and transmitting the information to processing.

58. Named Plaintiff and Collective Plaintiffs did not generate their own customer lists, but responded to inquiries from outside customers contacting Defendants.

59. Defendants' primary business was in origination of mortgage loans.

60. Accordingly, Named Plaintiff and Collective Plaintiffs' primary responsibility was to conduct "inside sales" by completing mortgage loan applications on behalf of customers.

61. At no time did Collective Plaintiffs perform any meaningful or typical managerial and/or supervisory duties for Defendants.

62. As a result of Defendants' aforesaid conduct, Named Plaintiff has suffered damages.

63. As a result of Defendants' aforesaid conduct, Collective Plaintiffs have suffered damages.

**COUNT I**
**<u>Fair Labor Standards Act ("FLSA")</u>**
**(Failure to Pay Overtime Compensation)**
**(Named Plaintiff and Collective Plaintiffs v. Defendants)**

64. The foregoing paragraphs are incorporated herein as if set forth in full.

65. At all times relevant herein, Defendants have and continue to be "employers" within the meaning of the FLSA.

66. At all times relevant herein, Defendants were/are responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

67. At all times relevant herein, Named Plaintiff and Collective Plaintiffs were/are employed with Defendants as "employees" within the meaning of the FLSA.

68. Under the FLSA, an employer must pay an employee at least one-and-one-half times his or her regular rate of pay for each hour worked in excess of 40 hours per workweek.

69. Defendants' violations of the FLSA include, but are not limited to, improperly calculating the regular rate of Named Plaintiff and Collective Plaintiffs, improperly calculating the overtime owed to Named Plaintiff and Collective Plaintiffs, and failing to pay Named Plaintiff and Collective Plaintiffs the overtime due under the FLSA.

70. Defendants' conduct in failing to pay Named Plaintiff and Collective Plaintiffs properly was/is willful and was/is not based upon any reasonable interpretation of the law.

71. As a result of Defendants' unlawful conduct, Named Plaintiff and Collective Plaintiffs have suffered damages as set forth herein.

**COUNT II**
**New Jersey Wage and Hour Law (NJWHL)**
**(Failure to Pay Overtime Compensation)**
**(Named Plaintiff and New Jersey Class Plaintiffs v. Defendants)**

72. The foregoing paragraphs are incorporated herein as if set forth in full.

73. At all times relevant herein, Defendant has been and is an employer as defined under the NJWHL.

74. At all times relevant herein, Named Plaintiff and Class Plaintiffs were employees as defined under the NJWHL.

75. Under the NJWHL, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of 40 hours per workweek.

76. Defendants' violations of the NJWHL include, but are not limited to, improperly calculating the regular rate of Named Plaintiff and Class Plaintiffs, improperly calculating the overtime owed to Named Plaintiff and Class Plaintiffs, and failing to pay Named Plaintiff and Class Plaintiffs the overtime wages due under the NJWHL.

77. As a result of Defendants' unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered damages as set forth herein.

**COUNT III**
**Pennsylvania Minimum Wage Act (PMWA)**
**(Failure to Pay Overtime Compensation)**
**(Named Plaintiff and Pennsylvania Class Plaintiffs v. Defendants)**

78. The foregoing paragraphs are incorporated herein as if set forth in full.

79. Under the PMWA, an employer must pay an employee all at least one and one half his or her regular rate of pay for each hour worked in excess of 40 hours per workweek.

80. From March 2020 until July 2022, Plaintiff was an employee as defined under the PMWA.

81. At all times relevant herein, Defendant was an employer as defined under the PMWA.

82. Defendant's violations of the PMWA include, but not limited to, failing to pay , improperly calculating the regular rate of Named Plaintiff, improperly calculating the overtime owed to Named Plaintiff, and failing to pay Named Plaintiff the overtime due under the NJWHL.

83. As a result of Defendants' unlawful conduct, Named Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff and Collective Plaintiffs pray that this Court enter an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or customs in violation of federal wage and hour laws;

(2) Defendants are to compensate, reimburse, and make Named Plaintiff and Collective Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings.

(3) Named Plaintiff and Collective Plaintiffs are to be awarded, pursuant to the FLSA, liquidated damages in an amount equal to the actual damages in this case;

(4) Named Plaintiff and Collective Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

(5) Named Plaintiff and Collective Plaintiffs are to be awarded all other relief this Court deems just and proper.

Respectfully Submitted,

*/s/ Joshua S. Boyette*
Joshua S. Boyette, Esq.
**SWARTZ SWIDLER, LLC**
9 Tanner St. Ste 101
Haddonfield, NJ 08033
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: December 1, 2022

**DEMAND TO PRESERVE EVIDENCE**

All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's and Collective Plaintiffs' employment, to Named Plaintiff's and Collective Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.