## SETTLEMENT AGREEMENT & RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Edward F. Martin ("Martin"), Anthony Dobrosi ("Dobrosi"), and Henry Ladines ("Ladines"), individually and/or on behalf of the collective and/or classes described below (hereinafter referred to collectively as the "Settlement Class"), and PHH Mortgage Corporation (hereinafter all referred to collectively as the "Parties"), conditioned upon entry by the Court of a final order and judgment approving the Agreement and dismissing with prejudice all claims encompassed by the Agreement.

## RECITALS AND BACKGROUND

A.    On December 1, 2022, Martin filed a collective and class action complaint (the "Complaint") in the U.S. District Court for District of New Jersey asserting violations of: (1) the Fair Labor Standards Act ("FLSA"); (2) the New Jersey Wage and Hour Law ("NJWHL"); and (3) the Pennsylvania Minimum Wage Act ("PMWA"), captioned *Edward F. Martin v. PHH Mortgage Corporation,* Case No. 1:22-cv-06925-KMW-EAP (the "Litigation").

B.    The Complaint asserted claims on behalf of himself and similarly situated current and former employees alleging that PHH violated the FLSA, the NJWHL, and PMWA by failing to pay differential overtime amounts owed with respect to non-discretionary bonuses earned under Incentive Compensation Plans ("ICPs").

C.    On January 18, 2024, Dobrosi filed a consent to join the Litigation as a party plaintiff pursuant to 29 U.S.C. § 216(b).

D.    PHH disputes the material allegations contained in the Complaint as to fact and law.

E.    Since the filing of the Complaint, PHH has investigated the claims advanced in the Litigation, and the Parties have exchanged information and documents related to those claims. This exchange included but was not limited to pay and time records. Moreover, on May 22, 2024, PHH provided Plaintiffs summary information and wage information regarding its loan officers in Pennsylvania, California, and New Jersey. Plaintiffs have relied on the information contained therein to assess the fairness of the settlement. Following this investigation and exchange, the Parties engaged in substantial settlement negotiations, which concluded with the Parties reaching a settlement in principle. This Agreement reflects the understanding of the Parties.

F.    Following and contingent upon the Court's preliminary approval of the settlement set forth in this Agreement, Martin will file a stipulated amended complaint, attached hereto as **Exhibit A**, adding alleged violations of the New Jersey Wage Payment Law ("NJWPL"), the California Labor Code ("CLC"), California Industrial Welfare Commission Wage Orders ("IWC Wage Orders"), and the California Unfair Competition Law ("Unfair Competition Law") on a class action basis brought by Martin, Dobrosi, and Ladines on behalf of themselves and all other individuals whom PHH employed as mortgage loan officers or in positions with similar duties ("Amended Complaint").  The Amended Complaint will not include any claim under California

law relating to an alleged failure of PHH to provide paid rest periods or premium pay in lieu thereof.

G.     For purposes of settlement only, the Parties seek certification of the following opt-out settlement classes pursuant to Rule 23 of the Federal Rules of Civil Procedure:

Pennsylvania Class. All individuals whom PHH employed in Pennsylvania as mortgage loan officers or in positions with similar duties during the period from December 1, 2019 through May 22, 2024, as identified in **Exhibit B** to this Agreement, and who do not affirmatively opt-out of the Settlement within forty-five (45) calendar days following the mailing of the Notice Packet.

New Jersey Class. All individuals whom PHH employed in New Jersey as mortgage loan officers or in positions with similar duties during the period from August 6, 2019 through May 22, 2024, as identified in **Exhibit B** to this Agreement, and who do not affirmatively opt-out of the Settlement within forty-five (45) calendar days following the mailing of the Notice Packet.

California Class.  All individuals whom PHH employed in California as mortgage loan officers or in positions with similar duties during the period from May 18, 2019 through May 22, 2024, as identified in **Exhibit B** to this Agreement, and who do not affirmatively opt-out of the Settlement within forty-five (45) calendar days following the mailing of the Notice Packet.

H.     Counsel for the Settlement Class, Swartz Swidler, LLC, among other things, has analyzed and evaluated the merits of the claims against PHH, has conducted interviews with witnesses, engaged in both formal and informal exchange of information with PHH's counsel, has obtained and reviewed documents relating to PHH's compensation policies and practices, and has analyzed payroll data. Based upon this analysis and the evaluation of a number of factors, and recognizing the substantial risks of litigation, including the possibility that the Released Claims, if not settled expeditiously, might result in a less favorable recovery, or no recovery at all, counsel for the Settlement Class is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that this Agreement is in the best interests of the Settlement Class.

I.     It is expressly understood and agreed by the Parties that the Agreement is being entered into by PHH solely for the purpose of avoiding the costs, disruption, and risks of ongoing litigation and to settle the Released Claims. Nothing in the Agreement, the settlement proposals exchanged by the Parties, or any motions filed or Orders entered pursuant to the Agreement, is to be construed or deemed as an admission by PHH of any liability, culpability, negligence, or wrongdoing, and the Agreement, each of its provisions, its execution, and its implementation, including any motions filed or Orders entered, shall not in any respect be construed as, offered, or deemed admissible as evidence, or referred to in any arbitration or legal proceedings for any purpose, except in an action or proceeding to approve, interpret, or enforce the Agreement. Furthermore, neither the Agreement, any motions filed, the contingent Amended Complaint attached as **Exhibit A**, settlement proposals exchanged by the Parties, Orders entered pursuant to the Agreement, nor any class or conditional certification granted pursuant or prior to the Agreement and corresponding documents shall constitute an admission, finding, conclusion, or evidence that the claims in the Litigation have any merit or that any requirement for class certification has been satisfied in this Litigation or any other action, except for the limited

settlement purposes pursuant to the terms of the Agreement. This Agreement shall be inadmissible as evidence in any proceeding, except as necessary to approve, interpret, or enforce this Agreement.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement the Released Claims on the following conditions.

1.    **DEFINITIONS**

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1    "Pennsylvania Class Members" means those individuals whom PHH employed in Pennsylvania as mortgage loan officers or in positions with similar duties during the period from December 1, 2019 through May 22, 2024 who do not affirmatively opt-out of the Settlement within forty-five (45) calendar days[1] following service of the Notice Packet.

1.2    "New Jersey Class Members" means those individuals whom PHH employed in New Jersey as mortgage loan officers or in positions with similar duties during the period from August 6, 2019 through May 22, 2024  who do not affirmatively opt-out of the Settlement within forty-five (45) calendar days following the mailing of the Notice Packet.

1.3    "California Class Members" means those individuals whom PHH employed in California as mortgage loan officers or in positions with similar duties during the period from May 18, 2019 through May 22, 2024 who do not affirmatively opt-out of the Settlement within forty-five (45) calendar days following the mailing of the Notice Packet.

1.4    "Collective Members" means all individuals whom PHH employed in the United States as mortgage loan officers or in positions with similar duties from January 18, 2020 to January 1, 2023 that filed a Consent to Join Form in the Litigation prior to or on the Execution Date.

1.5    "Complaint" means the federal court Complaint dated December 1, 2022 that was filed in the United States District Court for the District of New Jersey and captioned *Edward F. Martin v. PHH Mortgage Corporation,* No. 1:22-cv-06925-KMW-EAP.

1.6    "Amended Complaint" means the federal court Amended Complaint attached as **Exhibit A** to this Agreement which will be filed in the United States District Court for the District of New Jersey and captioned *Edward F. Martin, et al. v. PHH Mortgage Corporation,* No. 1:22-cv-06925-KMW-EAP contingent upon and only in the event the Court grants preliminary approval of the settlement set forth in this Agreement.

1.7    "Unreleased Claims" means any claims predicated on PHH's alleged failure to provide compliant paid rest periods under California law, including the failure to provide premium wages in lieu of providing compliant paid rest periods, or any derivative claim based on such theory.  Defendant explicitly agrees that neither this Settlement, nor the Litigation,

---

[1] Any reference to days herein shall mean calendar days unless otherwise stated.

will preclude California Class Members from pursuing Unreleased Claims. To the extent bringing Unreleased Claims in separate litigation would otherwise constitute claim splitting, Defendant agrees class members may split their Unreleased Claims and bring such claims separate from this litigation.

1.8    "Released Claims" means, with the exception of Unreleased Claims, all wage and hour claims and derivative claims relating to the facts alleged in the Amended Complaint, during the relevant time periods, including, but not limited to, the claims in the Amended Complaint.

1.9    "PHH's Counsel" means Troutman Pepper Hamilton Sanders LLP.

1.10    "California Claims" means all claims brought in the Litigation pursuant to California law, as alleged in the Complaint or the contingent Amended Complaint

1.11    "Court" means the United States District Court for the District of New Jersey.

1.12    "Employer Payroll Taxes" means all taxes and withholdings an employer is required to pay arising out of or based upon the payment of employment/wage compensation applicable to the Released Claims and arising under this Agreement, including but not limited to FICA, FUTA, and SUTA obligations, which are not included in the Gross Settlement Amount.

1.13    "Execution Date" means the date upon which the Parties execute this Agreement.

1.14    "FLSA Claims" means all claims brought in the Litigation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* as alleged in the Complaint or the contingent Amended Complaint.

1.15    "FLSA Collective" shall be comprised of all Collective Members.

1.16    "Gross Settlement Amount" means One Million Six Hundred Eighty Seven Thousand Five Hundred Dollars and Zero Cents ($1,687,500.00), which is the amount that PHH has agreed to pay to fully resolve and settle the Released Claims, and which includes any claim for attorneys' fees and costs approved by the Court, any and all amounts to be paid to the Settlement Class, any Court-approved Service Award to Martin, Dobrosi, and/or Ladines, any Settlement Administrator fees, and any other damages, fees, or costs. PHH will not be required to pay any more than the Gross Settlement Amount, except for the Employer Payroll Taxes.

1.17    "Litigation" means the action pending in the United States District Court for the District of New Jersey captioned *Edward F. Martin v. PHH Mortgage Corporation,* No. 1:22-cv-06925-KMW-EAP.

1.18    "Net Settlement Fund" means the remainder of the Gross Settlement Amount after deductions, payments, and/or allocations for: (a) Court-approved attorneys' fees and costs to Settlement Class Counsel; (b) a Court-approved Service Award for Martin, Dobrosi, and/or Ladines, and (c) settlement administration costs.

1.19    "New Jersey Claims" means all claims brought in the Litigation, pursuant to New Jersey law, as alleged in the Complaint or the contingent Amended Complaint.

1.20    "Notice Packet" refers to, collectively, the Notice of Class and Collective Action and Proposed Settlement and any exhibits thereto.

1.21    "Notice Period" shall mean a period of forty-five (45) calendar days following the mailing of the Notice Packet.

1.22    "Order Granting Approval of Settlement" or "Final Order" means an Order to be entered by the Court which gives final approval to the Settlement and this Agreement, and enters final approval, dismissing the Amended Complaint with prejudice.

1.23    "Parties" collectively means Martin, Dobrosi, and Ladines, individually and on behalf of the Collective Members and Pennsylvania Class Members, New Jersey Class Members, and California Class Members whom they purport to represent, and PHH.

1.24    "Pennsylvania Claims" means all claims brought in the Litigation, pursuant to Pennsylvania law, as alleged in the Complaint or the contingent Amended Complaint.

1.25    "PHH" means PHH Mortgage Corporation and its predecessors, successors, parents, subsidiaries, divisions, related companies, and affiliates.

1.26    "Plaintiffs" means any and all members of the Settlement Class, including Martin, Dobrosi, and Ladines.

1.27    "Releasees" means PHH Mortgage Corporation and its predecessors and successors, parents, subsidiaries, divisions, related companies, and affiliates, and all of each such entity's officers, directors, shareholders, managers, members, claimants, insurers, agents, employees, attorneys and assigns, in their individual and representative capacities.

1.28    "Settlement," "Settlement Agreement," or "Agreement" means this agreement and the exhibits hereto, which the Parties understand and agree set forth all material terms and conditions of the Settlement between them regarding all claims made in the Amended Complaint, and which is subject to Court approval.

1.29    "Settlement Administrator" means Simpluris.

1.30    "Settlement Check" means the check issued to each Settlement Class member for their proportionate share of the Net Settlement Fund calculated in accordance with this Agreement.

1.31    "Settlement Check Void Date" means the 180-day period that a Settlement Class Member has to sign and cash a Settlement Check after it is issued by the Settlement Administrator.

1.32    "Settlement Class" means all Collective Members, all Pennsylvania Class Members, all New Jersey Class Members, and all California Class Members.

**1.33**  "Settlement Class Counsel" means Swartz Swidler, LLC.

**1.34**  "Settlement Class Members" means all members of the Settlement Class.

**1.35**  "Settlement Effective Date" means a date which is thirty (30) calendar days after the Court enters the Order Granting Approval of Settlement.

**1.36**  "Settlement Payments" means the settlement payment amounts attributed to each Settlement Class Member, in accordance with Section 3.1.

## 2.    JUDICIAL APPROVAL AND NOTICE TO PLAINTIFFS

**2.1**  This Agreement is a binding agreement and contains all material agreed-upon terms for the Parties to seek a full and final settlement and dismissal of the Released Claims.

**2.2**  Preliminary Approval of Settlement

(A)  As soon as practicable, Settlement Class Counsel will file a Motion for Preliminary Settlement Approval along with this Agreement and all Exhibits attached hereto ("Approval Motion"). Settlement Class Counsel will provide PHH's Counsel with a draft of the Approval Motion for review and comment no less than seven (7) days before filing. Among other things, the Approval Motion will ask the Court to:

1.  Preliminarily approve the settlement memorialized in this Agreement as fair, reasonable, and adequate;
2.  Treat the Amended Complaint as the operative pleading upon preliminary approval of the settlement for the purpose of settlement only;
3.  Toll PHH's deadline to file a responsive pleading to the Amended Complaint while the Court considers final approval of the settlement;
4.  Certify the Pennsylvania Class as a class action under FED. R. CIV. P. 23 for the purpose of settlement only;
5.  Certify the New Jersey Class as a class action under FED. R. CIV. P. 23 for the purpose of settlement only;
6.  Certify the California Class as a class action under FED. R. CIV. P. 23 for the purpose of settlement only;
7.  Appoint Martin as the Class Representative for the Pennsylvania and New Jersey Classes, and Collective Representative;
8.  Appoint Dobrosi as a Class Representative for the California Class and Collective Representative;
9.  Appoint Ladines as a Class Representative for the California Class and Collective Representative;
10.  Appoint Swartz Swidler, LLC as Class Counsel pursuant to FED. R. CIV. P. 23(g) and Collective Counsel pursuant to 29 U.S.C. § 216(b);
11.  Appoint Simpluris as the settlement administrator;
12.  Approve the Notice Packet in the form of **Exhibit C** for distribution to all Collective Members, Pennsylvania Class Members, New Jersey Class Members, and California Class Members (with the Pennsylvania Class

Members, New Jersey Class Members, and California Class Members referred to collectively as the "Putative Class Members");

13.  Find that the Notice Packet to be sent to all Collective Members and Putative Class Members constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to Collective Members and Putative Class Members in full compliance with the requirements of applicable law, including the Due Process clause of the United States Constitution;

14.  Direct that all Collective Members shall be bound by this Agreement when the Court issues a Final Order;

15.  Direct that each Putative Class Member who wishes to be excluded from the Pennsylvania Class, New Jersey Class, or California Class must opt-out per the instructions set forth in the Notice Packet, and that their response must be postmarked within forty-five (45) days of mailing of the Notice Packet;

16.  Direct that any Putative Class Member who has not properly and timely requested exclusion from the Pennsylvania Class, New Jersey Class, or California Class shall be bound by this Agreement when the Court issues a Final Order;

17.  Schedule a Fairness Hearing approximately sixty to ninety (60–90) days after the date of preliminary approval;

18.  Direct that any Motions, including but not limited to a Motion for Approval of Attorneys' Fees and Costs, a Motion for Approval of Service Awards, and a Motion for Final Settlement Approval (a draft of which Settlement Class Counsel will provide to PHH's Counsel for review and comment no later than seven (7) days prior to filing), be filed with the Court no later than seven (7) days prior to the Fairness Hearing; and

19.  Direct that any Collective Member or Putative Class Member who wishes to object in any way to this Agreement must file and serve such written objections per the instructions set forth in the Notice Packet, which must be postmarked no later than forty-five (45) days after the mailing of the Notice Packet, together with copies of all papers in support of his or her position. The Notice Packet shall state that the Court will not consider objections of any Collective Member or Putative Class Member who has not properly served copies of his or her objections on a timely basis.

(B)  Distribution of Notice Packet

1.  Within fourteen (14) days after the Court's Preliminary Approval Order, PHH will provide the Settlement Administrator and Class Counsel with an Excel spreadsheet list of the names and last known addresses, as well as all information necessary to calculate and issue payments to the Putative Class Members, according to records maintained by PHH, in separate columns in the following format: "First Name"; "Last Name"; "Address"; "City"; "State"; "Zip Code"; and "Email Address."

2.  Within fourteen (14) days after the Court's Preliminary Approval Order, PHH will also provide the Settlement Administrator and Class Counsel with an Excel spreadsheet containing accurate information necessary to issue and calculate payments due under the Settlement; this will include all necessary pay information that is required to calculate payments based upon the Settlement Allocation Formula (*see* ¶ 3.1) for each Settlement Class Member.  PHH will include in its list social security numbers, but may omit the social security numbers from the copy it provides Class Counsel.

3.  Within seven (7) days of receipt of the lists identified above in 2.2B(1) and –(2), the Settlement Administrator will calculate the approximate value of each  Settlement Class Member's settlement share (*see* ¶ 3.1) and provide its preliminary calculations to Class Counsel and PHH's counsel.

4.  Within fourteen (14) days of receipt of the lists identified above in 2.2B(1) and –(2), the Settlement Administrator will: perform a National Change of Address ("NCOA") change of address search as to each individual identified, and send a copy of the Notice Packet to Settlement Class Members to their last known contact address via first-class mail, and shall send a copy of the notice via email.

5.  If any Notice Packet is returned as undeliverable, the Settlement Administrator will take other appropriate steps, including performing skip-traces,  to identify and mail the Notice Packet to an alternative address for the respective Collective Members and/or Putative Class Members within seven (7) days of receipt of documentation that the Notice Packet was returned as undeliverable.

(C)  Objection to Settlement

Any Settlement Class Member who intends to object to the fairness of this Agreement must, by the date specified in the Preliminary Order Approving Settlement, file any such objection with the Court and provide copies of the objection to both Settlement Class Counsel and PHH's Counsel.

Any objection to the Agreement must include: (i) the objector's full name, address, and telephone number; (ii) a written statement of all grounds for the objection, including any legal support for the objection; (iii) copies of any papers, briefs, or other documents upon which the objection is based; (iv) a list of all persons who will be called to testify in support of the objection; and (v) a statement whether the objector intends to appear at the Fairness Hearing.  If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Any Settlement Class Member who does not file a timely written objection to the Settlement and notice of his or her intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

(D)    Request for Exclusion

Any Putative Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion postmarked no later than forty-five (45) days after the mailing of the Notice Packet. Any Putative Class Member who fails to submit a timely request to be excluded shall be subject to and bound by this Agreement and every order or judgment entered pursuant to this Agreement.

(E)    Fairness Hearing

Approximately sixty to ninety (60–90) days after the Court's entry of its Preliminary Approval Order, a Fairness Hearing shall be held at which the Court will decide: (i) whether to certify the Settlement Class; (ii) whether to approve the Agreement as fair, reasonable, and adequate; (iii) Settlement Class Counsel's Motion for Attorneys' Fees and Costs; and (iv) the Motion for Approval of Service Awards.

(F)    Entry of Order Approving Settlement

If this Agreement is approved by the Court, a Final Order shall be entered as follows:

1.    Certifying the Pennsylvania Class pursuant to FED. R. CIV. P. 23, the New Jersey Class pursuant to FED. R. CIV. P. 23, and the California Class pursuant to FED. R. CIV. P. 23;

2.    Approving the Agreement as fair, reasonable, and adequate as it applies to the Pennsylvania Class, New Jersey Class, California Class and FLSA Collective;

3.    Appointing Martin as Class Representative for the Pennsylvania Class, New Jersey Class, and FLSA Collective;

4.    Appointing Dobrosi as Class Representative for the California Class and FLSA Collective;

5.    Appointing Ladines as Class Representative for the California Class and FLSA Collective;

6.    Appointing Swartz Swidler, LLC as counsel for the Pennsylvania Class, New Jersey Class, California Class and FLSA Collective;

7.    Declaring the Agreement to be binding on the Parties;

8.    Dismissing on the merits and with prejudice the Amended Complaint;

9.    Dismissing with prejudice the Settlement Class Members' Released Claims;

10.    Dismissing without prejudice the FLSA Claims of individuals whom PHH employed as mortgage loan officers or in positions with similar duties from January 18, 2020 to January 1, 2023 who did not timely and properly file a Consent to Join Form with the Court;

11.    Dismissing without prejudice the Pennsylvania Claims of the Putative Pennsylvania Class Members who properly and timely excluded themselves in full accordance with the procedures set forth in this Agreement;

12. Dismissing without prejudice the New Jersey Claims of the Putative New Jersey Class Members who properly and timely excluded themselves in full accordance with the procedures set forth in this Agreement;

13. Dismissing without prejudice the California Claims of the Putative California Class Members who properly and timely excluded themselves in full accordance with the procedures set forth in this Agreement;

14. Indicating the amount of attorneys' fees and costs to be awarded to Settlement Class Counsel consistent with the Settlement (the "Attorneys' Fees Award"); and

15. Indicating the amount of the Service Awards to be awarded consistent with the Settlement.

**2.3** On or before the Settlement Effective Date, PHH will wire the Settlement Administrator the Gross Settlement Fund.  Within thirty (30) days thereafter, the Settlement Administrator will issue and deliver individual Settlement Checks to each and every Settlement Class Member, as described herein, the Attorneys' Fees Award to Settlement Class Counsel, and the Service Awards, via check(s) to Martin, Dobrosi, and/or Ladines. All Settlement Checks issued pursuant to this Agreement shall expire upon the Settlement Check Void Date, which is one hundred eighty (180) days after issuance. After the Settlement Check Void Date, PHH or the Settlement Administrator, as the case may be, will issue a stop payment order on all uncashed or returned checks.  In the event that, before the close of the Settlement Check Void Date, any party and/or the Settlement Administrator becomes aware that a Settlement Class Member did not receive his or her Settlement Check, or if a Settlement Class Member reports a lost or destroyed Settlement Check, or otherwise requests reissuance of his or her Settlement Check prior to the Settlement Check Void Date, the discovering party shall so advise the other party and the Settlement Administrator, and PHH or the Settlement Administrator shall issue a stop payment order on the original check and issue a new check. In no event shall a Settlement Class Member be issued a replacement check until any prior check sent to them has been cancelled. Any unclaimed monies or Settlement Checks that expire upon the Settlement Check Void Date shall be treated in accordance with Paragraph 3.1(B) below.

# 3.    SETTLEMENT TERMS

## 3.1    Payments to Settlement Class Members

(A)    PHH agrees to pay the Gross Settlement Amount of One Million Six Hundred Eighty Seven Thousand Five Hundred Dollars and Zero Cents ($1,687,500.00), which fully resolves and satisfies any and all amounts to be paid to the Settlement Class pursuant to this Agreement, Court-approved attorneys' fees and costs to Settlement Class Counsel, and a Court-approved Service Awards to Martin, Dobrosi, and/or Ladines, any Settlement Administrator fees, and any other damages, fees, or costs. PHH will not be required to pay more than the Gross Settlement Amount under the terms of this Agreement, with the exception of Employer Payroll Taxes.

(B)    If any Settlement Checks are not cashed by the Settlement Void Date, then within 90 days the Settlement Administrator will submit the funds for each uncashed Settlement Check in the name of the Settlement Class Member to whom the Settlement Check was issued, to the unclaimed property program of the state in which the Settlement Class Member resides. A Settlement Class Member's request for the reissuance of his or her Settlement Check will be honored so long as funds remain in the Net Settlement Fund.

(C)    The Net Settlement Amount is the amount remaining after subtracting from the Gross Settlement Fund the Court-approved amounts for (a) Class Counsel's fees and costs, (b) Plaintiffs' Incentive Awards, and (c) the Settlement Administrator's fees and costs (and any other expenses or payments required by this Settlement).

(D)    The Net Settlement Amount will be divided among the Settlement Class Members *pro rata* based upon the number of points awarded under the following formulas. To the extent any Settlement Class Member meets the criteria to be awarded points under more than 1 formula for any given workweek, the individual shall be awarded points under the most beneficial formula, but shall not be awarded under both formulas for the same workweek. For example, if a Pennsylvania Class Member is also an FLSA Collective Member, he shall be awarded a total of 1.5 Allocations Points per dollar earned while a Pennsylvania Class Member:

> (i)    For Pennsylvania Class Members: 1.5 Allocation Points for each dollar of compensation earned while employed by PHH as a Mortgage Loan Officer during the time period: December 1, 2019 through May 22, 2024.

> (ii)    For New Jersey Class Members: 1.5 Allocation Points for each dollar of compensation earned while employed by PHH as a Mortgage Loan Officer during the time period: August 6, 2019 through May 22, 2024.

> (iii)    For California Class Members: 1.1 Allocation Points for each dollar of compensation earned while employed by PHH as a Mortgage Loan Officer during the time period: May 18, 2019 through May 22, 2024.

> (iv)    For FLSA Collective Members: 1 Allocation Point for each dollar of compensation earned while employed by PHH as a Mortgage Loan Officer during the time period: January 18, 2020 to May 22, 2024.

3.2     **Attorneys' Fees and Costs**

(A) Settlement Class Counsel will motion the Court to approve payment of $562,000.00 from the Gross Settlement Amount as an award of attorneys' fees (or approximately 1/3 of the Gross Settlement Amount) and reasonable actual case-related costs and administration expenses not to exceed $25,000.00 from the Gross Settlement Amount These amounts shall constitute full satisfaction of any claim for attorneys' fees or costs, and Martin, Dobrosi, and Ladines agree that they shall not seek, nor be entitled to, any additional attorneys' fees or costs under any theory or from any source, incurred in relation to this case.

3.3     **Service Awards**

(A)     Settlement Class Counsel will motion the Court for service awards payable from the Gross Settlement Amount to Martin in the gross amount of $10,000, to Dobrosi in the gross amount of $7,500, and to Ladines in the gross amount of $7,500 (the "Service Awards"). These Service Awards and any requirements for obtaining any such payment are separate and apart from, and in addition to, Martin's, Dobrosi's, and Ladines' recovery from the Net Settlement Fund as a Settlement Class Member.

3.4     **Distribution of Payments**

(A)     Within seven (7) days of the Final Order, the Settlement Administrator shall provide Class Counsel and PHH's Counsel with updated settlement allocations, confirming the individual amounts payable to each Settlement Class and Collective Member from the Net Settlement Fund.

(B)     Tax Characterization of Payments

1.     Amounts paid to each member of the Settlement Class concerning shall be allocated half as wage damages for which all applicable federal and state statutory deductions and withholdings shall be made, and half as non-wage damages for which no deductions or withholdings shall be made.

2.     Except for the amounts withheld as provided herein, each Settlement Class Member, including Martin, Dobrosi, and Ladines, shall be responsible for paying any taxes, interest, penalties, or other amounts due as a result of receiving a settlement payment. The Parties and their Counsel make no representations as to the taxability of any portions of the settlement payments to any member of the Settlement Class. Neither Settlement Class Counsel nor PHH's Counsel intend anything contained herein to constitute legal advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

3.    None of the amounts paid to Martin, Dobrosi, Ladines, or any other Settlement Class Member shall create any credit for, be included in, or otherwise affect the calculation or the accrual of any employee benefits in any plans, programs, agreements or policies sponsored, maintained or contributed to by PHH, including for purposes of any bonus of any kind.

4.    The payment of attorneys' fees and costs shall be without withholding and reported to the IRS via Form 1099.

5.    The payment of Martin's, Dobrosi's, and/or Ladines' Service Award shall be made without withholding and reported to the IRS via Form 1099.

## 4.    RELEASE OF CLAIMS

**4.1**    Release:  Upon passage of the Settlement Effective Date, each Settlement Class Member who has not excluded himself/herself from the Settlement (on behalf of themselves and their past, present and future agents, successors, heirs, spouses, administrators, executors, partners, assigns, representatives, or predecessors) releases and forever discharges PHH from the Released Claims.

**4.2**    Unreleased Claims: Notwithstanding any other language contained herein, this Agreement does not release the Unreleased Claims. Moreover, this Agreement does not release any relief that could be awarded in connection to the Unreleased Claims.

**4.3**    Tolling of Unreleased Claims: PHH agrees that all Unreleased Claims that could have been brought by the California Class have been subject to tolling from May 18, 2023, through the Effective Date of the Settlement.  To the extent a subsequent action is filed which asserts any of the Unreleased Claims on behalf of any putative class, PHH agrees that the instant action does not constitute a preceding class action under *China Agritech v. Resh*, 138 S. Ct. 1800 (2018).

## 5.    VOIDING THE AGREEMENT

**5.1**    If the Court rejects the Settlement and/or this Agreement, fails to approve and enter a Final Order in substantially the form submitted by the Parties, or fails to enter a Final Order, unless the Parties agree in writing, this Agreement shall be void *ab initio* except as to the provisions expressly stated in this Agreement to survive, the Amended Complaint shall not be made the operative pleading in the Litigation, and PHH shall have no obligations to make any payments under the Settlement or this Agreement.

**5.2**    In the event that the Court fails to approve the Settlement and/or this Agreement, the Parties: (a) must attempt to renegotiate the Settlement for the purpose of obtaining Court approval of a renegotiated Settlement and Agreement; and/or (b) either or both Parties may seek reconsideration or appellate review of the decision denying approval of the Settlement or Agreement. In the event reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement modification is not approved, and the Parties decide to forego further negotiation of a settlement, the Litigation will proceed as if no settlement had been

attempted, and the Amended Complaint shall not be made the operative pleading in the Litigation. In that event, nothing in the Settlement or Agreement, including documents produced in furtherance of settlement negotiations, may be used by or against any Party under Rule 408 of the Federal Rules of Evidence, the Agreement shall have no force or effect, and no Party shall be bound by any of its terms and PHH shall have no obligation to make any payments pursuant to the terms of this Agreement.

**5.3**     The Agreement will become final and effective only upon the Settlement Effective Date.

**6.     PARTIES' AUTHORITY**

**6.1**     The signatories hereto hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties hereto to the terms and conditions hereof.

**7.     MUTUAL COOPERATION**

**7.1**     The Parties agree to reasonably cooperate with each other and to take all steps necessary and appropriate to obtain the Court's approval of this Agreement and all of its terms and to effectuate the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement.  The Parties to this Agreement shall use their commercially reasonable efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein.  As soon as practicable after execution of this Agreement, Settlement Class Counsel shall, with the assistance and cooperation of PHH's Counsel, take all necessary steps to secure the Court's approval of this Agreement. At no time shall any of the Parties or their counsel encourage any member of the Settlement Class to object to the Agreement or request exclusion from the Agreement.

**8.     NOTICES**

**8.1**     Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To Martin, Dobrosi, Ladines and Settlement Class Members:

Attorney Justin L. Swidler
Swartz Swidler, LLC
9 Tanner Street, Ste. 101
Haddonfield, NJ 08033
Tel: (856) 685-7420
Direct Dial: (856) 283-3523
Fax: (856) 685-7417
Email: jswidler@swartz-legal.com

To PHH:

Attorney Christopher J. Moran
Troutman Pepper Hamilton Sanders LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
Tel: (215) 981-4000
Email: christopher.moran@troutman.com

## 9.    NO ADMISSION OF LIABILITY

9.1    Neither this Agreement, nor any document referred to herein, nor any action taken to carry out this Agreement, is, or may be construed as, or may be used as an admission, concession or indication by or against PHH of any fault, wrongdoing or liability whatsoever.  The Parties have fully and finally resolved the FLSA Claims, Pennsylvania Claims, New Jersey Claims, and California Claims as alleged in the Complaint and contingent Amended Complaint, and the Parties have agreed to settle the FLSA Claims, Pennsylvania Claims, New Jersey Claims, and California Claims on the terms and conditions set forth in this Agreement.

## 10.    INTERPRETATION AND ENFORCEMENT/MISCELLANEOUS TERMS

10.1    Further Acts. Each Party, upon the request of any other Party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

10.2    No Assignment. The Parties represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the FLSA Claims, Pennsylvania Claims, New Jersey Claims, and California Claims or any related action, and any attempt to do so shall be of no force or effect.

10.3    Entire Agreement. This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties.

10.4    Binding Effect. This Agreement shall be binding upon the Parties and, with respect to the members of the Settlement Class, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

10.5    Arms' Length Transaction. The Parties have negotiated all the terms and conditions of this Agreement at arms' length.  All terms and conditions of this Agreement in the exact form

set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

**10.6**     Captions. The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**10.7**     Construction. The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

**10.8**     Governing Law. This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New Jersey, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

**10.9**     Waivers in Writing. No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification or amendment with any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**10.10**    Counterparts. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same original instrument.

**10.11**    Facsimile, Electronic and E-mail Signatures. Any Party may execute this Agreement by signing, or by e-signature on the designated signature block below and transmitting that signature page via facsimile, e-mail, or other electronic means to counsel for the other Party. Any signature made and transmitted by facsimile, e-signature, or e-mail for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile, e-signature or e-mail.

**10.12**    Signatories. This Agreement is valid and binding if signed by PHH's authorized representative, Martin, Dobrosi, and Ladines.

**10.13**    Non-Publication. Settlement Class Counsel, Martin, Dobrosi, and Ladines agree to make no public comment, communications to the media, or any form of advertising or public announcement, including social media, regarding this Settlement Nothing in this provision prohibits Settlement Class Counsel from providing publicly-filed information regarding the case and the Settlement on their website. Nothing in this provision prohibits Class Counsel from responding to questions from (putative) Settlement Class Members verbally

and electronically and nothing prohibits Settlement Class Counsel from electronically transmitting copies of the Settlement Notice Packet to (putative) Settlement Class Members upon request or otherwise infringes upon Settlement Class Counsel's ability to communicate with (putative) Settlement Class Members.

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement on the day and year set forth below:

**EDWARD F. MARTIN**

*Edward F Martin*
Edward F Martin (Sep 27, 2024 13:26 EDT)

Date: Sep 27, 2024

**PHH MORTGAGE CORPORATION**

By: _____

Title: Senior Vice President, Total Rewards, Human Resources and Chief Diversity Officer

Date: October 4, 2024

**ANTHONY DOBROSI**

_____

Date: _____

**HENRY LADINES**

_____

Date: _____

and electronically and nothing prohibits Settlement Class Counsel from electronically transmitting copies of the Settlement Notice Packet to (putative) Settlement Class Members upon request or otherwise infringes upon Settlement Class Counsel's ability to communicate with (putative) Settlement Class Members.

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement on the day and year set forth below:

**EDWARD F. MARTIN**                          **PHH MORTGAGE CORPORATION**

_____              By: _____

Date: _____              Title: _____

                                             Date: _____

**ANTHONY DOBROSI**

_____
Anthony Kenneth Dobrosi (Sep 24, 2024 14:12 PDT)

Date: Sep 24, 2024

**HENRY LADINES**

_____

Date: _____

and electronically and nothing prohibits Settlement Class Counsel from electronically transmitting copies of the Settlement Notice Packet to (putative) Settlement Class Members upon request or otherwise infringes upon Settlement Class Counsel's ability to communicate with (putative) Settlement Class Members.

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement on the day and year set forth below:

**EDWARD F. MARTIN**                                **PHH MORTGAGE CORPORATION**

_____              By: _____

Date: _____              Title: _____

**ANTHONY DOBROSI**                                Date: _____

_____

Date: _____

**HENRY LADINES**

_Henry Ladines_
_____

Date: Sep 24, 2024

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDWARD F. MARTIN, *on behalf of himself and those similarly situated,*<br>51 Shadywood Road<br>Levittown, PA 19056<br><br>    and<br><br>ANTHONY DOBROSI, *on behalf of himself and those similarly situated,*<br>10524 Glenview Way<br>Rancho Cordova, CA 95670<br><br>    and<br><br>HENRY LADINES, *on behalf of himself and those similarly situated,*<br>15217 Lake Breeze Circle<br>Lake Elsinore, CA 92530<br><br>    Plaintiffs,<br><br>    v.<br><br>PHH MORTGAGE CORPORATION<br>1 Mortgage Way<br>Mount Laurel, NJ 08054<br><br>    and<br><br>JOHN DOES 1-10<br><br>    Defendants. | No. 1:22-cv-06925-KMW-EAP<br><br>INDIVIDUAL AND COLLECTIVE ACTION UNDER FLSA<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME UNDER NJWHL, PMWA, PWPCL, AND CLC<br><br>INDIVIDUAL AND CLASS ACTION FOR UNTIMELY FINAL WAGES UNDER NJWPL<br><br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED INDIVIDUAL, COLLECTIVE AND CLASS ACTION CIVIL COMPLAINT

Named Plaintiffs Edward Martin, Anthony Dobrosi, and Henry Ladines (hereinafter collectively referred to as "Named Plaintiffs"), individually, and on behalf of themselves and those similarly situated, hereby complain as follows against Defendants PHH Mortgage Corporation and John Does 1-10 (hereinafter collectively referred to as "Defendants").

1

## INTRODUCTION

1.      Named Plaintiffs have initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law ("NJWHL"), the New Jersey Wage Payment Law ("NJWPL"), the Pennsylvania Minimum Wage Act ("PMWA"), the Pennsylvania Wage Payment and Collection Law ("PWPCL"), the California Labor Code ("CLC"), California Industrial Welfare Commission Wage Orders ("IWC Wage Orders"), and the California Unfair Competition Law ("Unfair Competition Law").

2.      Under the FLSA, NJWHL, PMWA, and CLC and IWC Wage Orders, Named Plaintiffs assert that Defendants failed to pay them and similarly situated individuals proper overtime compensation. Specifically, Named Plaintiffs assert Defendants failed to include non-hourly wages, including incentive compensation, in the regular rate resulting in overtime wages at a rate less than one and one-half times the regular rate, resulting in Named Plaintiffs and similarly situated individuals suffering harm.

3.      Under the NJWPL, Named Plaintiff Martin alleges Defendants failed to timely pay earned wages or a reasonable approximation of same to him and similarly situated individuals following separation, resulting in them suffering harm.

4.      Under the PWPCL, Named Plaintiff Martin allege Defendants' failure to pay owed overtime wages resulted in a failure to pay all earned wages to Named Plaintiff Martin and similarly situated individuals, resulting in them suffering harm.

5.      Under the CLC, IWC Wage Orders, and Unfair Competition Law, Named Plaintiffs Ladines and Dobrosi assert Defendants failed to: 1) timely pay them and those similarly situated

all owed wages upon separation; and 2) provide accurate, itemized pay statements, resulting in them suffering harm.

## JURISDICTION AND VENUE

6.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

7.     This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

8.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq.*

9.     Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

10.     The foregoing paragraphs are incorporated herein as if set forth in full.

11.     Named Plaintiff Edward Martin ("Named Plaintiff Martin") is an adult individual with an address as set forth above.

12.     Named Plaintiff Anthony Dobrosi ("Named Plaintiff Dobrosi") is an adult individual with an address as set forth above.

13.     Named Plaintiff Henry Ladines ("Named Plaintiff Ladines") is an adult individual with an address as set forth above.

14.     Defendant PHH Mortgage Corporation is an entity with an address as set forth above.

15.     Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failing to pay Named Plaintiffs and Collective and Class Plaintiffs proper compensation pursuant to federal and state law.

16.     Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiffs and Collective and Class Plaintiffs.

17.     At all times relevant herein, Defendants acted by and though their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18.      The foregoing paragraphs are incorporated herein as if set forth in full.

19.     Named Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), individually and on behalf of all persons presently and formerly employed by PHH[1] as a loan processor, loan officer, or in positions with similar duties subject to Defendants' pay practices and policies described herein and who worked for Defendants at any point in the three years preceding the date the instant action was initiated and filed a written consent form to join the collective action (the members of this putative class are referred to as "Collective Plaintiffs").

---

1 "PHH" means PHH Mortgage Corporation and its predecessors, successors, parents, subsidiaries, divisions, related companies, and affiliates.

20.     Named Plaintiffs and Collective Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendants' wage and hour policies and practices as described herein.

21.     Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

22.     Therefore, Named Plaintiffs should be permitted to bring this action as a collective action individually and on behalf of those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS
### (New Jersey Wage and Hour Law, New Jersey Wage Payment Law, Pennsylvania Minimum Wage Act, and Pennsylvania Wage Payment Collection Law)

23.     The foregoing paragraphs are incorporated herein as if set forth in full.

24.     Named Plaintiff Martin brings his claims asserting violations of the New Jersey Wage and Hour Law ("NJWHL") and the New Jersey Wage Payment Law ("NJWPCL") as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure individually and on behalf of all persons presently and formerly employed by PHH in New Jersey as a loan processor, loan officer, or in positions with similar duties subject to Defendants' pay practices and policies described at any point in the six years preceding the date the instant action was initiated ("New Jersey Class Plaintiffs").

25.     Named Plaintiff Martin also brings his claims asserting violations of the Pennsylvania Minimum Wage Act ("PMWA") and Pennsylvania Wage Payment Collection Law ("PWPCL") as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure individually and on behalf of all persons presently and formerly employed by PHH in Pennsylvania as a loan processor, loan officer, or in positions with similar duties subject to Defendants' pay

practices and policies described herein at any point in the three years preceding the date the instant action was initiated ("PA Class Plaintiffs").

26.    Both sub-classes together make up a single class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

27.    Together, the members of the sub-classes are so numerous that the joinder of all class members is impracticable.  Specifically, the members of the sub-classes number more than (40) individuals.

28.    Named Plaintiff Martin's claims are typical of the claims of the putative class members, because Named Plaintiff Martin, like all NJ and PA Class Plaintiffs, was subject to the same unlawful wage policies and practices of Defendants.

29.    Named Plaintiff Martin's claims are typical of the claims of the putative NJ Class Plaintiffs, because Named Plaintiff Martin, like NJ Class Plaintiffs, physically worked in New Jersey subject to the same unlawful wage policies and practices from December 2019 until in or around March 2020 at which time he worked remotely from Pennsylvania on a temporary basis until a point in time following March 2020.

30.    Named Plaintiff Martin's claims are typical of the claims of PA Class Plaintiffs, because Named Plaintiff Martin, like PA Class Plaintiffs, physically worked in Pennsylvania for Defendants on a permanent basis beginning at some point following March 2020 through July 2022.

31.    Named Plaintiff Martin will fairly and adequately protect the interests of the putative class because Named Plaintiff Martin's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff Martin has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

32.     Defendants have acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendants have applied consistent unlawful wage policies to the entire class and have refused to end these policies.

33.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendants' records.

34.     A class action provides a fair and efficient method for adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

35.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to both members of the sub-class are (1) whether Defendants failed to include non-hourly wages, including incentive compensation and bonuses, in Named Plaintiff Martin's and PA and NJ Class Plaintiffs' regular rate for the purpose of calculating overtime wages; (2) whether Defendants failed to pay proper overtime to Named Plaintiff Martin and PA and NJ Class Plaintiffs for hours worked more than 40 per workweek; and (2) whether Defendants had any good

faith basis to conclude that their failure to pay Named Plaintiff Martin and NJ and PA Class Plaintiffs at least 1.5 times their regular rate for hours over 40 was legal.

## CLASS ACTION ALLEGATIONS
### (California Law)

36.     The foregoing paragraphs are incorporated herein as if set forth in full.

37.     Named Plaintiffs Dobrosi and Ladines bring their claims asserting violations of the California Labor Code, California Industrial Welfare Commission ("IWC") Wage Orders, and the California Unfair Competition Law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all individuals who worked in California for Defendant as a loan processor, loan officer, or in positions with similar duties subject to Defendants' pay practices and policies described herein at any point during the period beginning May 18, 2019 through the present (the members of this putative class are referred to as "CA Class Plaintiffs").

38.     The CA Class Plaintiffs are so numerous that the joinder of all class members is impracticable.  Named Plaintiffs do not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated to be more than (40) employees.

39.     Named Plaintiffs' claims are typical of the claims of the putative class members, because Named Plaintiffs, like all CA Class Plaintiffs, were subject to the same wage policies and practices of Defendants.

40.     Named Plaintiffs will fairly and adequately protect the interests of the putative class because Named Plaintiffs' interests are coincident with, and not antagonistic to, those of the class. Named Plaintiffs have retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

41.    Defendants have acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendants have applied consistent unlawful wage policies to the entire class and have refused to end these policies.

42.    No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendants' records.

43.    A class action provides a fair and efficient method for adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

44.    Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are:

a.    Whether Defendants' policy regarding the timing of its payment of earned piece-rate incentive compensation to Named Plaintiffs Ladines and Dobrosi and CA Class Plaintiffs after their separation from employment violates California law regarding the prompt payment of final wages.

b.      Whether Named Plaintiffs Ladines and Dobrosi and CA Class Plaintiffs were non-exempt and entitled to overtime wages.

c.      Whether Defendants created and enforced the wage and hour policies at issue under the good faith belief that such policies did not violate California law.

## **FACTUAL BACKGROUND**

45.     The foregoing paragraphs are incorporated herein as if set forth in full.

46.     Named Plaintiffs, Collective Plaintiffs, NJ Class Plaintiffs, PA Class Plaintiffs, and CA Class Plaintiffs (hereinafter collectively referred to as "Plaintiffs") worked for Defendants as Direct Lending Loan Officers in Defendant's PHH Direct Lending Sales business unit.

47.     Named Plaintiff Martin worked for Defendants from December 2019 until July 2022.

48.     Named Plaintiff Martin worked out of Defendants' Mount Laurel, New Jersey office from the beginning of his employment until the March 2020 COVID-19-related shutdown orders in New Jersey, after which point he worked remotely from his home in Pennsylvania but reported to and was supervised from Defendants' Mount Laurel office.

49.     From in or around March 2021 to in or around March 2022, Named Plaintiff Ladines worked for Defendants in California.

50.     From in or around May or June 2021 to in or around May or June 2022, Named Plaintiff Dobrosi worked for Defendants in California.

51.     Plaintiffs' duties predominantly include the following: originating loans, completing preliminary applications, collecting documents, preparing loan application, and transmitting the information to processing.

52.     Defendants regularly required Plaintiffs to participate in originating loans, completing preliminary applications, collecting documents, preparing loan application, and transmitting the information to processing.

53.     Plaintiffs did not generate their own customer lists, but responded to inquiries from outside customers contacting Defendants.

54.     Defendants' primary business was in origination of mortgage loans.

55.     At no time did Plaintiffs perform any meaningful or typical managerial and/or supervisory duties for Defendants.

56.     Defendants paid Plaintiffs a base hourly wage plus additional wages, including piece-rate incentive compensation through a non-discretionary incentive program, paying Plaintiffs a set incentive payment for each closed loan.  The amount of the incentive payment was strictly based on the number of, and not the dollar volume, of the loans sold.

57.     Defendants' incentive program also paid Plaintiffs non-discretionary quarterly bonuses provided certain contingencies were met, such as not being on a PIP.

### **Failure To Pay All Owed Overtime Wages**

58.     The foregoing paragraphs are incorporated herein as if set forth in full.

59.     Named Plaintiffs regularly worked over 40 hours per week.

60.     Named Plaintiff Martin worked more than 20 hours of overtime in 2022, more than 97 hours of overtime in 2021, and more than 138 hours of overtime in 2020.

61.     Collective, NJ Class, PA Class, and CA Class Plaintiffs regularly worked/work over 40 hours per week.

62.     Defendants designated Plaintiffs as non-exempt employees under the FLSA required to be paid overtime.

63.     Defendants paid Plaintiffs overtime wages at a rate of one and a half times their base hourly rates but no overtime wages based on their piece-rate incentive compensation, which Defendants excluded from the regular rate.

64.     Defendants' overtime compensation system violated the FLSA, NJWHL, PMWA, and CLC by failing to pay Named Plaintiffs and Collective Plaintiffs overtime wages at a rate of at least one and one-half times their regular rates.

65.     Defendants have maintained an unlawful wage payment system for at least the last three years and have enforced such unlawful policies.

66.     As a result of Defendants' aforesaid conduct, Named Plaintiff has suffered damages.

67.     As a result of Defendants' aforesaid conduct, Collective Plaintiffs have suffered damages.

## **Failure To Timely Pay Wages Following Separation**

68.     The foregoing paragraphs are incorporated herein as if set forth in full.

69.     At the time of Named Plaintiffs Martin's, Ladines', and Dobrosi's separation from employment with Defendants, they had earned piece-rate incentive compensation that Defendants had not yet paid to them.

70.     At the time of any NJ and CA Class Plaintiffs' separation from employment with Defendants, they had earned piece-rate incentive compensation that Defendants had not yet paid to them.

71.     Defendants did not pay Named Plaintiff Martin his final commissions or a reasonable approximation of said piece-rate incentive compensation on the payday for the pay period during which his employment ended.

72.     Defendants did not pay NJ Class Plaintiffs their final commissions or a reasonable approximation of said piece-rate incentive compensation on the payday for the pay period during which their employment ended.

73.     Defendants did not pay Named Plaintiffs Ladines and Dobrosi their final commissions with 72 hours of their separation dates.

74.     Defendants did not pay CA Class Plaintiffs their final piece-rate incentive compensation immediately or at least within 72 hours of their separation dates.

75.     Instead, Defendants paid Named Plaintiffs Martin, Ladines, Dobrosi, and NJ and CA Class Plaintiffs their final piece-rate incentive compensation according to the payment schedule that applied to the payment of commissions while they were employed.

76.     As a result of Defendants' failure to pay final piece-rate incentive compensation in compliance with the NJWPL and CLC, Named Plaintiffs Martin, Ladines, Dobrosi, and NJ and CA Class Plaintiffs suffered harm.

**COUNT I**
**Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Compensation)**
**(Named Plaintiffs and Collective Plaintiffs v. Defendants)**

77.     The foregoing paragraphs are incorporated herein as if set forth in full.

78.     At all times relevant herein, Defendants have and continue to be "employers" within the meaning of the FLSA.

79.     At all times relevant herein, Defendants were/are responsible for paying wages to Named Plaintiffs and Collective Plaintiffs.

80.     At all times relevant herein, Named Plaintiffs and Collective Plaintiffs were/are employed with PHH as "employees" within the meaning of the FLSA.

81.     Under the FLSA, an employer must pay an employee at least one-and-one-half times his or her regular rate of pay for each hour worked in excess of 40 hours per workweek.

82.     Defendants' violations of the FLSA include, but are not limited to, improperly calculating the regular rate of Named Plaintiffs and Collective Plaintiffs, improperly calculating the overtime owed to Named Plaintiffs and Collective Plaintiffs and failing to pay Named Plaintiffs and Collective Plaintiffs the overtime due under the FLSA.

83.     Defendants' conduct in failing to pay Named Plaintiffs and Collective Plaintiffs properly was/is willful and was/is not based upon any reasonable interpretation of the law.

84.     As a result of Defendants' unlawful conduct, Named Plaintiffs and Collective Plaintiffs have suffered damages as set forth herein.

**COUNT II**
**New Jersey Wage and Hour Law (NJWHL)**
**(Failure to Pay Overtime Compensation)**
**(Named Plaintiff Martin and NJ Class Plaintiffs v. Defendants)**

85.     The foregoing paragraphs are incorporated herein as if set forth in full.

86.     At all times relevant herein, PPH has been and is an employer as defined under the NJWHL.

87.     At all times relevant herein, Named Plaintiff Martin and NJ Class Plaintiffs were/are employees as defined under the NJWHL.

88.     Under the NJWHL, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of 40 hours per workweek.

89.     Defendants' violations of the NJWHL include, but are not limited to, improperly calculating the regular rate of Named Plaintiff Martin and NJ Class Plaintiffs, improperly calculating the overtime owed to Named Plaintiff Martin and NJ Class Plaintiffs and failing to pay Named Plaintiff Martin and NJ Class Plaintiffs the overtime wages due under the NJWHL.

90.     Defendant's failure to pay overtime wages to Named Plaintiff and Class Plaintiffs was not an inadvertent error made in good faith.

91.     Defendant had no reasonable grounds for believing that failing to pay overtime wages to Named Plaintiff and Class Plaintiffs was lawful under the NJWHL.

92.     As a result of Defendants' unlawful conduct, Named Plaintiff Martin and NJ Class Plaintiffs have suffered damages as set forth herein.

## COUNT III
### New Jersey Wage Payment Law ("NJWPL")
**(Failure to Timely Pay Earned Wages Following Separation)**
**(Named Plaintiff Martin and NJ Class Plaintiffs v. Defendants)**

93.     The foregoing paragraphs are incorporated herein as if set forth in full.

94.     At all times relevant herein, PHH has been and is an employer as defined under the NJWPL.

95.     At all times relevant herein, Named Plaintiff Martin and NJ Class Plaintiffs were/are employees as defined under the NJWPL.

96.     Under the NJWPL, following an employee's separation, an employer must pay them all earned wages, including incentive compensation or at least a reasonable approximation of said incentive compensation, on the payday for the pay period during which their employment ended.

97.     Defendants' conduct in failing to pay Named Plaintiff Martin and NJ Class Plaintiffs their final wages following separation, including earned incentive compensation or at least reasonable approximation of same, on the payday for the pay period during which their employment ended, violated the NJWPL.

98.     Defendants' conduct in failing to properly pay Named Plaintiff Martin and NJ Class Plaintiffs is/was willful and is/was not based upon any reasonable interpretation of the law.

99.     Defendants' conduct caused Named Plaintiff Martin and NJ Class Plaintiffs to suffer damages.

## COUNT IV
### Pennsylvania Minimum Wage Act (PMWA)
**(Failure to Pay Overtime Compensation)**
**(Named Plaintiff Martin and PA Class Plaintiffs v. Defendants)**

100.     The foregoing paragraphs are incorporated herein as if set forth in full.

101.     At all times relevant herein, Defendant has been and is an  employer as defined under the PMWA.

102.     At all times relevant herein, Named Plaintiff Martin and PA Class Plaintiffs were/are employees as defined under the PMWA.

103.     Under the PMWA, an employer must pay an employee at least one and one half his or her regular rate of pay for each hour worked in excess of 40 hours per workweek.

104.     From March 2020 until July 2022, Plaintiff was an employee as defined under the PMWA.

105.     Defendant's violations of the PMWA include, but not limited to, improperly calculating the regular rate of Named Plaintiff Martin and PA Class Plaintiffs, improperly calculating the overtime owed to Named Plaintiff Martin and PA Class Plaintiffs and failing to pay Named Plaintiff Martin and PA Class Plaintiffs the overtime due under the PMWA.

106.     As a result of Defendants' unlawful conduct, Named Plaintiff Martin and PA Class Plaintiffs have suffered damages as set forth herein.

## COUNT V
### Pennsylvania Wage Payment and Collection Law ("PWPCL")
**(Failure to Pay Earned Wages)**
**(Named Plaintiff Martin and PA Class Plaintiffs v. Defendants)**

107.    The foregoing paragraphs are incorporated herein as if set forth in full.

108.    At all times relevant herein, Defendant has been and is an employer as defined under the PWPCL.

109.    At all times relevant herein, Named Plaintiff Martin and PA Class Plaintiffs were/are employees as defined under the PWPCL.

110.    Under the PWPCL, an employer must pay an employee all earned wages, including overtime wages.

111.    Defendants' conduct in failing to pay Named Plaintiff Martin and PA Class Plaintiffs all wages earned violated the PWPCL.

112.    Defendants' conduct in failing to properly pay Named Plaintiff Martin and PA Class Plaintiffs is/was willful and is/was not based upon any reasonable interpretation of the law.

113.    Defendants' conduct caused Named Plaintiff Martin and PA Class Plaintiffs to suffer damages.

**COUNT VI**
**California Labor Code ("CLC")**
**(Failure to Timely Pay All Earned Wages After Separation)**
**(Named Plaintiffs Ladines and Dobrosi and CA Class Plaintiffs v. Defendants)**

114.    The foregoing paragraphs are incorporated herein as if set forth in full.

115.    The CLC requires an employer to pay an employee all earned wages promptly upon the employee's separation.

116.    Defendants violated the CLC by failing to timely pay Named Plaintiffs Ladines and Dobrosi and CA Class Plaintiff all earned wages, including piece-rate incentive compensation, after their separation.

117.    As a result of Defendants' conduct, Named Plaintiffs Ladines and Dobrosi and CA Class Plaintiffs have suffered injuries.

## COUNT VII
### Violations of the California Labor Code ("CLC") and §7 of IWC Wage Order No. 4-2001
### (Failure to Provide Accurate and Itemized Pay Statements
### and Keep Accurate Time and Pay Records)
### (Named Plaintiffs Ladines and Dobrosi and CA Class Plaintiffs v. Defendants)

118.    The foregoing paragraphs are incorporated herein as if set forth in full.

119.    The CLC and §7 of IWC Wage Order No. 4-2001 require an employer to provide an employee with an accurate, itemized pay statement showing: a) the total hours worked; b) the number of piece rate units earned and the applicable rate; c) the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each rate, d) the total number of non-productive work hours and the hourly rate earned for time spent performing non-productive work.

120.    The CLC and §7 of IWC Wage Order No. 4-2001 also require an employer to maintain accurate records of the hours worked and wages earned by employees.

121.    Defendants violated the Labor Code and §7 of IWC Wage Order No. 4-2001 by failing to provide the required information on pay statements it issued to Named Plaintiffs Ladines and Dobrosi and CA Class Plaintiffs.

122.    Defendants further violated the Labor Code and §7 of IWC Wage Order No. 4-2001 by failing to maintain accurate records of wages earned by Named Plaintiffs Ladines and Dobrosi and CA Class Plaintiffs.

123.    As a result of the aforementioned conduct, Named Plaintiffs Ladines and Dobrosi and CA Class Plaintiffs have suffered injuries.

## COUNT VIII
### Violations of the Unfair Competition Law

**(Named Plaintiff, California Party Plaintiffs, and Class Plaintiffs v. Defendants)**

124.    The foregoing paragraphs are incorporated herein as if set forth in full.

125.    The Unfair Competition Law prohibits any unlawful, unfair, or fraudulent business practices.

126.    Defendants violated the Unfair Competition law by engaging in the unlawful conduct alleged herein, including but not limited to failing to pay the minimum wage, failing to timely pay earned wages after separation, making unlawful deductions from wages for business expenses, and issuing wage statements containing false and/or misleading information about the amount of wages or compensation due Named Plaintiffs Ladines and Dobrosi and CA Class Plaintiffs.

127.    Named Plaintiffs Ladines and Dobrosi and CA Class Plaintiffs lack an adequate remedy at law.

128.    Named Plaintiffs Ladines and Dobrosi and CA Class Plaintiffs have been harmed, including by being unable to work for Defendant without being subject to legal violations.

129.    Named Plaintiffs Ladines and Dobrosi and CA Class Plaintiffs have been harmed, including by being denied wages due under law as alleged herein.

**WHEREFORE**, Named Plaintiffs, Collective Plaintiffs, NJ Class Plaintiffs, PA Class Plaintiffs, and CA Class Plaintiffs (hereinafter collectively "Plaintiffs") pray that this Court enter an Order providing that:

(1)    Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or customs in violation of federal wage and hour laws;

(2)     Defendants are to compensate, reimburse, and make Plaintiffs whole for all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings.

(3)     Named Plaintiffs and Collective Plaintiffs are to be awarded, pursuant to the FLSA, liquidated damages in an amount equal to the actual damages under the FLSA in this case;

(4)     Named Plaintiff Martin and NJ Class Plaintiffs are to be awarded, pursuant to the NJWHL, liquidated damages in an amount equal to 200% of the actual damages under the NJWHL in this case;

(5)     Named Plaintiff Martin and PA Class Plaintiffs are to be awarded, pursuant to the PWPCL, liquidated damages in an amount equal to 0.25% of the actual damages under the PMWA and PWPCL in this case;

(6)     Defendants are to pay all applicable statutory penalties to Named Plaintiffs Ladines and Dobrosi and CA Class Plaintiffs under the CLC;

(7)     Defendants are to pay restitutionary disgorgement pursuant to the Unfair Competition Law;

(8)     Named Plaintiffs Ladines and Dobrosi and CA Class Plaintiffs are to be awarded applicable liquidated damages under the CLC;

(9)     Defendants are to pay prejudgment interest at the maximum legal rate to Named Plaintiffs Ladines and Dobrosi and CA Class Plaintiffs;

(10)     Defendants are to pay general, special, and consequential damages, to the extent allowed by law;

(11)     Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law.

(12)     Plaintiffs are to be awarded all other relief this Court deems just and proper.

(13)     Plaintiffs' claims are to receive a trial by jury.

Respectfully Submitted,

*/s/ Joshua S. Boyette*
Joshua S. Boyette, Esq.
Matthew Miller, Esq.
Justin L. Swidler, Esq.
**SWARTZ SWIDLER, LLC**
9 Tanner St. Ste 101
Haddonfield, NJ 08033
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: October 11, 2024

# EXHIBIT B

**Pennsylvania Class**

| First Name | Last Name |
| --- | --- |
| Treneen | Anderson |
| John | Silano |
| Jeremy | Hill |
| Michael | Kalusz |
| JoAnne (JoAnne) | Ryan |
| Christopher | Carver |
| Steve | Ross |
| Joseph | Perri |
| Michael | Mikulich |
| Guy | Sikpa |
| Sajeth | Soundararajan |
| Diante | Pryer |
| Robert (Bob) | DiGregorio |
| Tayten | Aldridge |
| Meshalandwa | Daniels |
| Brenda | Morales |
| Clarence | Packer |
| Stephanie (Stephanie ) | Weinstein |
| Edward | Martin |
| William (Bill) | Hutchinson |
| Abel | Gadsden |
| Kirsten | Minier |
| Steven | Josifi |
| Luke | Jeffery |
| Mary | Davis |
| Yolanda | Keys |
| Anthony | Degorski |
| Henry | Francois |
| Matthew | Govan |

**New Jersey Class**

| First Name | Last Name |
|---|---|
| Theresa | Hodge |
| Jeremy | Hill |
| Ryan | Siebert |
| Joyce | Pitkin |
| Vincent | Nelson |
| Isa | Acosta Martinez |
| Dante | Dicks |
| Kevin | Kane |
| Bianca | Pagan |
| Theodore (Ted) | Campbell |
| Sajeth | Soundararajan |
| Dominic | Forbes |
| Alessia | Weiner |
| Matthew | Govan |
| Kai | Jones |
| Sean | DiEmma |
| Ronald | Vito |
| Jesus | Cornago |
| Lindsey | Watson |
| Vincent (Vincent Thomas) | Thomas |
| Evelyn | Deleon |
| Ronda | Spillane |
| AnnMarie | Wilson |
| Kim | Williams |
| Joseph | Hoppe |
| Troy | Johnson |
| Brian | Rollins |
| Kevin | Loutzenhiser |
| Jay | Marchese |
| Crystal | Murray |
| Scott | Cardonick |
| Jordan | Gilber |
| Skarbek | Jaclyn |
| Timothy (Tim) | Fleming |
| Liza (Liza) | Rise |
| Darnell | Canty |
| Ottavio | D'Anastasio |

| First Name | Last Name |
| --- | --- |
| Christina | Quigley |
| Joel | Broudy |
| Kush | Patel |
| Nicholas (Nick) | Repice |
| Robert (Robert) | Nocito |
| Samuel | Romeo |
| Melanie | Silas-Valentine |
| Tia | Fields |
| Jeffrey | Warner |
| Jasmine | Harris |
| Mick | Paye |
| Baudelaire | Guillaume |
| Mark | Reis |
| William | English |
| Terry | Mitchell |
| Dan | Craft |
| Corey | Zytko |
| Emiliann | Serrano |
| John | Geraci |
| John | Carson |
| William (Bill) | Oster |
| Melvin | Thomas |
| Richard | Damerau |
| Tejaswini | Pharande |
| Omar | Burton |
| Luis | Lopez |
| Joshua | Powell |
| Bruce (Bruce) | Greenwald |
| Sean | Mckeon |
| Bryan | McWilliams |
| Kadar (Kadar) | Ford |
| Treneen | Anderson |
| Jennifer | Philpott |
| Shirelle | Bunche |
| Joseph (Joe) | Valenti |
| Jefferson | Caceres |
| Robert | Childers |
| Brian | Thompson |
| Daryl | Hertz |

| First Name | Last Name |
|---|---|
| Christopher | Myers |
| William | Brennan |
| Christopher | Thomas |
| Chester | Heinlein |
| Eva | Raes |
| Thomas (Tom) | Bowersfield |
| Allison | Bieg |
| Richard | Hearn |
| Scott | Bower |
| Marilyn | Barber |
| Brian | Levinson |
| Francis | Steskal |
| Nicole | Cruz |
| Nicholas (Nick) | Tierno |
| Craig (Craig) | Thompson |
| Jean | Paul |
| Thomas | DeFelice |
| Auntaya | Schofield |
| Janice | Szallai |
| Fady | Bibaoui |
| Jessica | Gaddie |
| James | Lipski |
| John | Kohler |
| Channel | Cassell |
| Joseph | Merlino |
| Kristine | Thomas |
| Andrew | Dats |
| Joseph | Santoro |

**California Class**

| First Name | Last Name |
|---|---|
| Marie | Tyler |
| Stephen | Rexroat |
| Ron | Seward |
| Brian | Hanson |
| Elizabeth | Robinson |
| Christine | Buford |
| Eric | Hurtt |
| Michael | Zamarripa |
| Christopher | Wright |
| Amelia (Amelia) | Rojas |
| Jay | Keller |
| Henry | Vanyan |
| Blake (Blake) | Elliott |
| David | Byron |
| Joseph | Tavares |
| Joshua (Josh) | Salera |
| Lisa (Lisa Mckendry) | Mckendry |
| Wallace (Wally) | Parker |
| Patrick | Groat |
| Jaren | Le Jeune |
| Brett | Brugman |
| Lowell | Hancock |
| Jeffrey | Wheeler |
| Curt | Simmons |
| Ronald (Ron) | Gardiner |
| Daniel (Dan) | Agrimonti |
| Adam (Adam Price) | Craychee-Price |
| Maggie | Gibson |
| Mark | Villagomez |
| Angelica | Collett |
| Colleen | Meyer |
| Edgardo | Bediones |
| Alex (Alex) | Hsiung |
| Sean | Baker |

| First Name | Last Name |
| --- | --- |
| Kimberly | Laret |
| Joseph | Agius |
| Michael | Villa |
| Anthony | Dobrosi |
| Tan (Thomas) | Vo |
| Patrick | White |
| Debra | Betts |
| Alfred | Reams Jr |
| Joshua | Cooper |
| Kimberly | Uhles |
| Scott | Hunt |
| Amika | Wimbush |
| Alison (Alison) | Bruce |
| Jeffrey (Jeff) | Garand |
| Naycora | Griffith-Fauntleroy |
| William (Bill) | Conkey |
| Gregory | Woods |
| Jeannette | Stone |
| Dyna | Nguyen |
| Joseph | Aiello |
| Justin | Davis |
| Cynthia | Williamson |
| John (Jack) | Velayas |
| Xavier | Camel |
| Ryan (Ryan Alisio) | Alisio |
| May | Zipp |
| Andrew | Bezart II |
| Michael (Michael) | Strazzo |
| Brian | Weatherford |
| Robert (R.W. Ahlstrom) | Ahlstrom |
| Neal | Renzi |
| Ronald | Resurreccion |
| Madeline (Maddie) | McLaren |
| Ramon (Ramon) | Flores |

| First Name | Last Name |
|---|---|
| Keith | Porter |
| Henry | Ladines |
| Nelda | White |
| Claude (Claude) | Tran |
| Liane (Liane) | Stewart |
| Jason | Dempsey |
| Richard | Peck |
| Daniel | Laporta |
| Lucy | Allen |
| Damean (Damean) | Beckum |
| Howard | Bailey |
| Andrew (Andy) | Rodin |
| Robert | Gomez |
| Fred | Sharp |
| Anilla | Rahman |
| David (DAVID) | Rubio |
| Patrick (Patrick) | Klaren |
| Exavier | Hamilton |
| John | Lopez |
| Loun | Vongkhoune |
| David | Kennedy |
| Christopher (Chris) | Flores |
| Andrew (Andrew Floor) | Floor |
| Scott | Kiley |

# EXHIBIT C

## NOTICE OF CLASS ACTION SETTLEMENT
## IMPORTANT LEGAL NOTICE

*Edward F. Martin, et al., v. PHH Mortgage Corporation*

United States District Court, District of New Jersey, Case No. 1:22-cv-06925-KMW-EAP

**THIS NOTICE CONTAINS IMPORTANT INFORMATION THAT MAY AFFECT YOU.**

*A court authorized this notice. This is not a solicitation.*

**TO:** INDIVIDUALS WHO WERE EMPLOYED BY PHH[1] AS MORTGAGE LOAN OFFICERS ("MLOs") AND WHO ARE MEMBERS OF THE CALIFORNIA CLASS, NEW JERSEY CLASS, OR PENNSYLVANIA CLASS (AS DEFINED IN THIS NOTICE), OR WHO SUBMITTED A VALID FLSA CONSENT FORM TO JOIN THIS ACTION.

The United States District Court, District of New Jersey, has granted preliminary approval of the proposed settlement ("Settlement") of the above-captioned action. Because your rights may be affected by this Settlement, it is important that you read this Notice of Class Action Settlement ("Notice") carefully. The purpose of this Notice is to provide a brief description of the claims alleged in the Class Action, the key terms of the proposed Settlement, and your rights and options with respect to the Settlement.

### *What Are My Legal Rights, Options and Deadlines Under the Settlement?*

| | |
|---|---|
| **Do Nothing** | If you do nothing, and if the Court grants final approval of the Settlement, you will receive payments under the Settlement. You will also release (give up your rights) on any and all claims you may have that are covered by the Settlement. You do not have to do anything to receive payments; however, you should ensure that your address is kept up to date so that you receive your check. |
| **Object, or Challenge the Underlying Data for Your Share** | You may object to or comment on the Settlement, or you may challenge the data used to determine your Settlement Payment if you believe the data is incorrect. If you wish to object, or challenge the data, you must do so in a signed writing and mail that writing to the Settlement Administrator at the address below on or before  [DATE]  , 2024, along with any explanation and supporting documentation. Be sure to include your full name.  If the dispute cannot be resolved, the Court will decide the dispute. All such disputes will be resolved no later than [DATE]. |
| **Exclude Yourself or "Opt Out" of the Class Settlement** | If you "opt out," you will NOT receive any money from the Settlement and you will NOT release any claims you may have against Defendant. To opt out, you must do so in a signed writing stating that you are "opting out of the settlement in Martin v. PHH Mortgage" and mail it to the Settlement Administrator at the address below on or before [DATE], 2024. Be sure to include your full name. Any request for opt-out postmarked after [DATE], 2024 will be void. |

---

1 PHH" means PHH Mortgage Corporation and its predecessors, successors, parents, subsidiaries, divisions, related companies, and affiliates.

**ANY QUESTIONS? READ THE REST OF THIS NOTICE.
YOU MAY BE ENTITLED TO MONEY UNDER THIS PROPOSED
SETTLEMENT. PLEASE READ THIS NOTICE CAREFULLY; IT EXPLAINS
YOUR LEGAL RIGHTS.**

*AN ESTIMATE OF YOUR SHARE OF THE SETTLEMENT CAN BE FOUND IN SECTION 7.*

To receive your share, you do not have to file a claim or take any other action. You must take action only if you have an address change; want to object to, comment on, or opt-out of the Settlement; or dispute the information contained in Section 7 (upon which your Settlement Share is calculated).

## 1.  Why Did I Receive This Notice?

A proposed settlement has been reached in a lawsuit involving PHH Mortgage Corporation ("Defendant" or "PHH") that may affect your rights.

The settlement extends to MLOs employed in California, New Jersey, Pennsylvania, or who worked in a different state and previously opted in to the collective action. The records of the Defendant indicate that you are a member of the following groups:

☐ California Class: All individuals whom PHH employed in California as mortgage loan officers or in positions with similar duties during the period from May 18, 2019 through May 22, 2024.

☐ Pennsylvania Class: All individuals whom PHH employed in Pennsylvania as mortgage loan officers or in positions with similar duties during the period from December 1, 2019 through May 22, 2024.

☐ New Jersey Class: All individuals whom PHH employed in New Jersey as mortgage loan officers or in positions with similar duties during the period from August 6, 2019 through May 22, 2024

☐ Collective Members: All individuals whom PHH employed in the United States as mortgage loan officers or in positions with similar duties from January 18, 2020 to January 1, 2023 that filed a Consent to Join Form in this case prior to or on [DATE].

This means you have a right to know about the Settlement. The Settlement will resolve all Settlement Class Members' Released Claims, as described below, from the applicable class period start date (as defined above) through May 22, 2024 ("Settlement Period"),

On _____, the U.S. District Court for the District of New Jersey held the Preliminary Approval Hearing.  The Court has certified the California, New Jersey, and Pennsylvania Classes for settlement purposes only, preliminarily approved the settlement of the Released Claims, and directed that you receive this Notice. The Court will hold a Final Approval Hearing concerning the proposed settlement on [DATE] at [TIME].

The date of the Final Approval Hearing may change without further notice to you and other Class Members. If you plan to attend the hearing, you should check the settlement website or contact Class Counsel to check if the date has changed. You may also obtain additional information regarding the Settlement and review important documents relating to this case by visiting the settlement website: [==website==].

## 2. *What Is the Lawsuit About?*

Edward Martin, Anthony Dobrosi, and Henry Ladines ("Plaintiffs") brought a collective and class action lawsuit against PHH Mortgage individually and on behalf of other similarly situated Mortgage Loan Officers (MLOs) employed by PHH.

The lawsuit asserted the following claims under California law: (1) failure to timely pay all earned wages after separation as required by the California Labor Code and applicable wage orders; (2) violation of California laws requiring accurate wage statements; (3) violation of California's Unfair Competition Law as a result of the alleged claimed violations. Plaintiff sought penalty payments for unpaid rest periods and unpaid wages, interest, penalties, injunctive relief, as well as attorneys' fees and costs for herself and Class Members.

Importantly, this settlement does **not** extend to or release any claims for California Class Members predicated on PHH's alleged failure to provide compliant paid rest periods under California law, including the failure to provide premium wages in lieu of providing compliant paid rest periods, or any derivative claim based on such theory. Moreover, the statute of limitations for such claims have been tolled from May 18, 2023 through the effective date of this Settlement. Accordingly, this Settlement does not bar California Class Members from asserting these claims in a separate case.

Under the FLSA, New Jersey, and Pennsylvania law, the lawsuit also asserted that PHH failed to pay all overtime wages earned by failing to include commissions in the calculation of MLOs' overtime rates. Under New Jersey law, the lawsuit further asserts a claim that PHH failed to timely pay earned wages after separation.

The Court has not made final decisions on the claims in the lawsuit. By issuing this Notice, there is no intention to suggest that one side would win or lose if the case went to trial. PHH Mortgage contends that it fully complied with all applicable laws at all times. Nevertheless, Plaintiffs and PHH have agreed to resolve the case as a negotiated compromise. The settlement covers claims during the Settlement Period.

The settlement payment for each Class Member will be based on the compensation he or she earned during different time periods while working in California, New Jersey, Pennsylvania, or any other state, taking into account the varying strength of different claims during these different time periods. The method of calculation is detailed below in Section 6. Your estimated payment is set forth below in Section 7.

## 3. *What Is a Class Action?*

A class action is a legal proceeding where one or more persons sue not just for themselves, but also for other people who have similar claims (forming a "class" or a group of people).

### 4. Background of Settlement

Plaintiffs' lawyers ("Class Counsel") have conducted a thorough investigation of the facts in this case, as well as a detailed assessment of PHH's records. Class Counsel then reached a settlement with PHH after negotiations with the assistance of a neutral, experienced mediator, which took place over two separate sessions.

Plaintiffs and the attorneys for both sides believe the settlement is fair, reasonable, and adequate, and in the best interests of the Class Members considering the uncertain outcome, risks, costs, and time involved in further litigation, trial, and possible further appeals.

### 5. What Are the Monetary Terms of the Proposed Settlement?

PHH Mortgage has agreed to pay $1,687,500.00 (the "Gross Settlement Amount") to settle this case. This money will be used to pay: (1) the reasonable fees and expenses of the Settlement Administrator to oversee the settlement administration currently estimated at no more than $XXX; (2) a $10,000 service payment to Named Plaintiff Martin and $7,500 each to Named Plaintiffs Dobrosi and Ladines to compensate them for their services to the Class in bringing and litigating this lawsuit against PHH ("Service Awards"); and (4) up to $562,000.00 in attorneys' fees and up to $25,000 in reimbursement of out-of-pocket costs to compensate Class Counsel for their services to the Class. The remainder of the Gross Settlement Amount after paying these standard costs is the **Net Settlement Fund**, which will be distributed to Class Members who do not opt out of the settlement ("Settlement Class Members").

### 6. How Will My Settlement Payment Be Determined?

Participating Class Members' payments will be calculated as follows: The Net Settlement Fund will be distributed to Class Members based on the allocation of "points" for each Class Member's compensation earned in weeks worked during the Settlement Period, Class Period, for the following categories:

- For California Class Members: 1.1 Allocation Points for each dollar of compensation earned while employed by PHH as a Mortgage Loan Officer during the time period: May 18, 2019 through May 22, 2024.

- For Pennsylvania Class Members: 1.5 Allocation Points for each dollar of compensation earned while employed by PHH as a Mortgage Loan Officer during the time period: December 1, 2019 through May 22, 2024.

- For New Jersey Class Members: 1.5 Allocation Points for each dollar of compensation earned while employed by PHH as a Mortgage Loan Officer during the time period: August 6, 2019 through May 22, 2024.

- For FLSA Collective Members: 1 Allocation Point for each dollar of compensation earned while employed by PHH as a Mortgage Loan Officer during the time period: January 18, 2020 to May 22, 2024.

- The Point value of Allocation Points will be calculated by the Settlement Administrator, as follows:
  - The Net Settlement Fund will be divided by the total Allocation Points of all Class Members to determine the dollar value of each Allocation Point for each settlement payment category.
  - Based on current estimates, each Allocation Point will have a value of approximately [ALLOCATION POINT VALUE].

## 7.  How Much Can I Expect to Receive from This Settlement?

Your estimated gross distribution from the Net Settlement Amount ("Settlement Payment") is set forth below.

### Estimated Settlement Payment:

Based on the formulas described above in this Notice, your settlement share is based upon you receiving _____ points based on compensation earned during the relevant period above. Based on this information, your estimated share of the Net Settlement Fund, before tax deductions and withholdings, is approximately: $_____.

**Your actual Settlement Payment may end up being higher or lower than estimated.**

**If you disagree with any of the information above that was used to calculate your Settlement Payment, you may challenge the information by contacting the Settlement Administrator and providing information/documentation to support your challenge. The Settlement Administrator will evaluate the evidence you submit and decide whether your Settlement Payment should be changed.**

For tax purposes, your Settlement Payment shall be allocated between wages, non-wage income, and interest as follows: 50% will be paid as wages and will be reported on an IRS W-2 form, of such consideration shall be allocated to the payment of taxable wages and wage-related payments; 50% will be paid as penalties/interest (non wage income). From the portion that is wages shall be withheld the employee's share of payroll and income taxes and all other applicable deductions or withholdings required by law or expressly authorized by the Class Member. To the extent required by law, Class Members will receive a Form 1099. Consult your tax advisor with any questions about the tax consequences of your Settlement Payment.

## 8.  When Will I Receive My Payment and What Do I Have To Do?

The Court will hold a Final Approval hearing on [DATE] at [TIME], to determine whether to approve the Settlement. If the Court approves the Settlement, there may be appeals after that. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient. Even if the Court approves the Settlement and there are no appeals, the settlement checks will not be issued until about three months after the date of the fairness hearing at the earliest. The Settlement Agreement contains the exact details of the payment schedule. You may obtain a copy of the Settlement Agreement by following the instructions in Section 15 below.

**You must cash each check within 180 days of issuance**. Checks are void after the 180-day check cashing deadline. Any amount remaining 180 days after the Final Approval Order and after any correctable errors or omissions are covered will be submitted to the unclaimed property program in the state in which you worked for PHH in your name.

## 9.   What If I Have Questions?

If you have questions, please contact Class Counsel or the Settlement Administrator.

Class Counsel:

Justin L. Swidler                               Website: www.swartz-legal.com
Joshua S. Boyette                               Telephone: (856) 6850-7420
Matthew D. Miller                               Fax: (856) 685-7417
Swartz Swidler, LLC                             Toll Free: 877-529-9501
9 Tanner Street, Suite 101                      E-mail: [INSERT]
Haddonfield, NJ 08033

Settlement Administrator:

Simpluris
[address]
[city state zip]
Phone: (___) ___-____
Facsimile (___) ___-____
E-mail: _____

**DO NOT CONTACT THE COURT OR DEFENDANT'S ATTORNEYS FOR INFORMATION REGARDING THE SETTLEMENT OR THE CLAIM PROCESS.**

## 10. Who Is the Settlement Administrator?

The Settlement Administrator is a company hired by the Parties to administer the Settlement. The parties have agreed to use Simpluris as the Settlement Administrator.

The Settlement Administrator's duties include calculating settlement payments, processing challenges, objections, and exclusions, making payments to the Class Members, and answering questions you may have.

## 11. How Will the Lawyers and the Representative for the Class Be Paid?

Class Counsel will request Court approval for reimbursement of actual litigation costs up to $25,000.00 and payment of attorneys' fees of up to than one-third of the Gross Settlement Amount ($562,500.00). The Court will decide whether to award the attorneys' fees and costs requested. The attorneys' fees are for legal services that have been and will be provided to the Class.

Class Counsel will also ask the Court to approve Service Awards totaling $25,000.00 (an average of $8,333.00 each) for the Named Plaintiffs for the effort, time, and risks they took to bring this case. If approved, this award would be in addition to the amount Named Plaintiffs receive under the Settlement as a Class Member.

## 12. What Is Being Released as Part of the Settlement?

If the Court grants Final Approval of the settlement, the Settlement Class (those who did not opt out) will fully release PHH from all <u>wage and hour</u> claims and derivative claims (other than those described below) relating to the facts alleged in the Amended Complaint during the relevant periods described in Section 1 above, including, but not limited to, the claims in the Amended Complaint, which are described in Section 2. A copy of the Amended Complaint is available on the Settlement Website [LINK].

Importantly, this settlement **<u>does not</u>** release any claims for California Class Members predicated on PHH's alleged failure to provide compliant paid rest periods under California law, including the failure to provide premium wages in lieu of providing compliant paid rest periods, or any derivative claim based on such theory ("Unreleased California Claims"). Moreover, the statute of limitations for such claims have been tolled from May 18, 2023 through the effective date of this Settlement.

The settlement **<u>does not</u>** release unrelated claims (e.g. workers' compensation, disability, unemployment, wrongful termination, retaliation, and discrimination).

## 13. Getting More Information about the Settlement

This notice summarizes the proposed settlement. For the precise terms of the Settlement, please see the Settlement Agreement available at ==[SETTLEMENT WEBSITE],== by contacting Class Counsel or the Settlement Administrator via the contact information provided in Section 10, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.njd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the District of New Jersey, 4th & Cooper Streets, Camden, New Jersey 08101, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding federal holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

**IMPORTANT:**

1.    **If you move or change your address, send the Settlement Administrator your new address. It is your responsibility to keep a current address on file with the Settlement Administrator to ensure receipt of your Settlement Payment.**

2.    **It is strongly recommended that you keep a copy of any challenge, request for exclusion and/or objection that you submit, and proof of timely mailing, emailing, and/or faxing, until after the Final Approval hearing.**

**_Your Contact Information_**

The Settlement Administrator is using the following contact information for you. If any of your contact information is inaccurate, please correct that information and return a copy of this form to the Settlement Administrator at the address above.

_____

<<Name>>

_____

<<Address>>

_____

<<City>>, <<State> <Zip>>

_____

Home Telephone Number

_____

Cellular Phone Number

_____

Email Address