## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD F. MARTIN, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PHH MORTGAGE CORPORATION, *et al.*,<br><br>Defendants. | No: 22-cv-06925<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT** |

AND NOW, this __20__ day of ____March_____, 2024, upon consideration of Named Plaintiff's Motion for Preliminary Approval of Class and Collective Settlement the Court grants Named Plaintiffs' Motion and ORDERS as follows:

1. Named Plaintiffs in the above-captioned litigation and Defendant PHH Mortgage Corporation ("Defendant") (collectively, the "Parties") have participated in multiple mediation sessions, negotiated a settlement, and executed a Settlement Agreement ("Settlement Agreement" or "Agreement") that was filed with the Court on October 11, 2024. Pursuant to the Agreement, Named Plaintiffs moved for entry of an order granting preliminary approval of the Settlement. The Court hereby incorporates the terms of the Agreement for the purposes of this Preliminary Approval Order, including the Definitions set forth in the Agreement. Having reviewed the Agreement and considered the submissions, arguments, and authorities in support of preliminary approval of the Settlement, the Court finds as follows.

2. The Amended Complaint, attached to the Agreement as Exhibit A, is deemed filed and is the operative pleading for the purposes of settlement only.

3. The Parties' Agreement is preliminarily approved as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e), and as a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

4. On a preliminary basis, taking into account (a) the value and certainty of the benefits to be provided by the Settlement to Class Members; (b) the defenses asserted by Defendant; (c) the risks to Named Plaintiffs and the Classes that Defendant would successfully defend against class and/or collective certification and/or against the merits of the claims alleged in this case; and (d) the length of time that would be required for Class Members to litigate to an uncertain final judgment through one or more trials and appeals, the Court finds that the Settlement appears sufficiently fair, reasonable and adequate to authorize dissemination of notice to the Class as set forth in the Agreement.

5. Moreover, the Court finds that the Settlement falls within the range of reasonableness because the settlement has key indicia of fairness, in that (a) the Parties reached the Settlement only after they were adequately informed through relevant discovery; (b) the extensive negotiations were contentious, arm's-length, and facilitated by Mediator David Phillips, Esq. and (c) the proponents of the Settlement are experienced in similar litigation. Accordingly, for all these reasons, the Settlement is hereby preliminarily approved.

6. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court provisionally certifies, for settlement purposes only, the following Rule 23 classes and conditionally finds that Named Plaintiffs are adequate representatives of the following classes and appoint them as representatives of said classes:

Named Plaintiff Martin is an adequate representative of classes of all individuals whom PHH[1] employed as mortgage loan officers or in positions with similar duties in New Jersey during the period from August 6, 2019 through May 22, 2024 or in Pennsylvania during the period from December 1, 2019 through May 22, 2024.

Named Plaintiffs Dobrosi and Ladines are adequate representatives of a class of all individuals whom PHH employed as mortgage loan officers or in positions with similar duties in California during the period from May 18, 2019 through May 22, 2024.

7. Specifically, with respect to provisionally certifying the Rule 23 classes, the Court considered: (a) information, arguments, and authorities provided by Named Plaintiffs in their brief in support of the motion for entry of an order granting preliminary approval to the Settlement; (b) the terms of the Agreement, including, but not limited to, the definition of the Rule 23 classes and the benefits to be provided to the members; and (c) the Settlement's elimination of any potential manageability issue that may otherwise have existed if the case continued to be litigated.

8. With respect to the Rule 23 classes, the Court provisionally finds for settlement purposes only at this time that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied. The Court provisionally finds, in the specific context of this settlement, that the following requirements are met with respect to the Rule 23 classes: (a) the number of class members is so numerous that joinder of all Class Members is impracticable; (b) there are questions of law and fact common to the Class Members; (c) Named

---

[1] "PHH" means PHH Mortgage Corporation and its predecessors, successors, parents, subsidiaries, parents, divisions, related companies, and affiliates.

3

Plaintiffs' claims are typical of the claims of the Class Members they seek to represent for purposes of the settlement; (d) Named Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Rule 23 classes and will continue to do so; (e) questions of law and fact common to the Class Members predominate over any questions affecting any individual Class Member; and (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23. The Court also concludes that, because the case is being settled rather than litigated, the Court need not consider manageability issues that might otherwise be presented by the trial of a class action involving the issues in the case.

9. The Court provisionally appoints Swartz Swidler, LLC as Class Counsel pursuant to Fed. R. Civ. P. 23(g) and the collective action's counsel pursuant to 29 U.S.C. § 216(b).

10. The Court also finds that Named Plaintiffs are adequate representatives of the Collective Members, who are the individuals whom PHH employed in the United States as mortgage loan officers or in positions with similar duties from January 18, 2020 to January 1, 2023 and who filed a Consent to Join Form prior to or on October 3, 2024.

11. Simpluris is appointed as the Settlement Administrator.

12. Each time period and provision of the Agreement is deemed incorporated in this Order as if expressly set forth here and has the full force and effect of an Order of this Court.

13. The Court approves the forms Notice Packet attached as Exhibit C to the Agreement. The Court finds that the proposed methods of notice set forth in the Agreement satisfy the requirements of due process, the Federal Rules of Civil Procedure, and constitute the best notice practicable under the circumstances and shall constitute valid, due, and sufficient notice to Class Members in full compliance with the requirements of applicable law, including the Due Process clause of the U.S. Constitution.

14. All proceedings in this case, including Defendant's deadline for filing a responsive pleading to Named Plaintiffs' First Amended Complaint, are stayed pending the Court's decision whether to grant final approval of the settlement, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

15. If the Agreement is revoked, terminated, or not consummated for any reason whatsoever or if this Court (or an appellate court on appeal) does not grant final approval of the settlement, the provisional certification of the Rule 23 classes shall be void, and Defendant shall retain all defenses, and shall also retain the right to oppose any and all certification motions for any reason.

16. The Fairness Hearing is hereby set for _June 17, 2025
at __2:00 p.m., in Courtroom _4A_____ at Mitchell H. Cohen Courthouse, Camden, NJ.

17. Named Plaintiffs shall file their motion for final approval of the Settlement and any other relief, including for attorney's fees and costs and service awards no later than seven (7) days prior to the Fairness Hearing.

18. Each Class Member who wishes to be excluded from the Pennsylvania Class, New Jersey Class, or California Class must opt-out per the instructions set forth in the Notice Packet, and that their response must be post-marked within forty-five (45) days of the mailing of the Notice. Collective Member and any Class Member who does not properly and timely request exclusion from the Rule 23 classes shall be bound by this Agreement should the Court grant final approval.

19. Only Class Members who have not excluded themselves from the Settlement and have filed and served timely and valid objections to the Settlement pursuant to the terms of the

Agreement shall be entitled to be heard at the Fairness Hearing. Any Class Member who does not timely file and serve a valid objection in writing to the settlement, entry of a Final Approval Order, or Class Counsel's application for fees and costs and for the service awards proposed for Named Plaintiffs, in accordance with the procedures set forth in the Notice, shall be deemed to have waived any such objection.

IT IS SO ORDERED this _20_ day of __March____, 2025

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE